(No. 25219.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PETER NOWAK, Plaintiff in Error.

*Opinion filed October 13, 1939—Rehearing denied Dec. 6, 1939.*

WILSON, C.J., dissenting.

J. J. KLEPAK, and ELWYN E. LONG, for plaintiff in error.

JOHN E. CASSIDY, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and BLAIR L. VARNES, of counsel,) for the People.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Peter Nowak and Joseph Wisz waived a jury and were convicted of rape in the criminal court of Cook county. They were sentenced to the penitentiary for terms of fifteen years. Nowak has sued out this writ of error.

Counsel who represented Nowak at the trial did not file a motion for a new trial or in arrest of judgment. After Nowak had begun serving his sentence, but within thirty days from the judgment, his present counsel filed a motion to set aside and vacate the judgment and sentence and for a new trial, supported by Nowak's affidavit. This motion was denied.

Defendant contends that his trial counsel failed to protect his rights and conducted his defense so poorly that this court should consider the errors assigned, although they were not properly preserved. Where the case is close, we will consider errors in the record notwithstanding the failure of counsel to save the questions for review, where it is clear that the trial court has permitted the prosecuting attorney to take advantage of the accused because he was poorly represented, (*People* v. *Gardiner,* 303 Ill. 204, 207; *People* v. *Schulman,* 299 id. 125,) but we will not reverse a judgment of conviction which is manifestly and unquestionably right simply because counsel did not try the case as well as he should have. *People* v. *Dean,* 308 Ill. 74, and cases there cited.

Defendant's counsel stipulated at the trial that if Irene Pasek, the prosecuting witness, were called she would testify that on October 2, 1938, she lived with her husband at 1633 West Nineteenth street in Chicago; that they had been visiting her father and he had brought them home about 10:00 o'clock in the evening. They retired about 11:30, but were awakened early in the morning by a knock on the door. Nowak and Wisz were at the door demanding admittance. They were refused, but Wisz opened a kitchen window and compelled Pasek to open the door at the point of a gun. Defendant and Wisz then walked in and ordered Mrs. Pasek to turn on a light. Nowak took Mrs. Pasek to a couch in the living room, and there had sexual intercourse with her. Wisz held a gun on Pasek and threatened to shoot both of them if they did not keep

still. Wisz compelled Pasek to stand near the couch while Nowak was having intercourse with Mrs. Pasek. Wisz then gave the gun to Nowak so that he could restrain the husband while Wisz had sexual relations with prosecutrix. Each of the two men had intercourse with the complaining witness four times between 1:00 o'clock and 5:00 o'clock in the morning. Nowak and Wisz were drinking alcohol, and they forced Mrs. Pasek to take one drink with them. They threatened to kill the Paseks if they reported the matter to the police. Soon after they left the police were called and prosecutrix was taken to the county hospital for treatment.

It was also stipulated that Henry Pasek, the husband, would testify to the same facts if he were called. It was further stipulated that Michael O'Rourke, an officer of the twenty-third district, would testify that he interviewed Pasek and Mrs. Pasek, and as a result arrested Nowak and Wisz; that both men admitted being in the house and Wisz admitted having intercourse with Mrs. Pasek; that Nowak admitted that he was in the house and that there was a gun, but he would not admit that he had intercourse with Mrs. Pasek; and that Wisz signed a statement as to his part in the crime, but Nowak refused. No attempt was made to introduce these written statements in evidence.

Joseph Wisz testified that he had met the prosecutrix the previous month. At that time her husband was beating her as Wisz was passing by their flat and Wisz went to her assistance. She asked Wisz to take her somewhere, because her husband was always beating her. On October 2, 1938, Wisz spent the evening in a tavern and was drunk when he left. He met Nowak on the corner of Twentieth and Paulina streets and the latter asked him to go with him to a restaurant for coffee and chili. On the way they met prosecutrix and her husband, and she asked them to come in and have a drink. At this point the State's attorney moved that Wisz's last statement be stricken, and the court

struck it. Defendant's attorney said: "That is all, I guess," and Wisz's examination ended.

Nowak testified that he had been arrested once before and placed on probation for disorderly conduct growing out of a fight. He said that on the way to the chili parlor he and Wisz met prosecutrix and her husband. She said, "Hello, stranger,'" either to him or to Wisz. Wisz recognized her and she said, "Call your partner, call your friend and have a drink." They went to the Pasek flat, where a quart and a pint of white whiskey were produced, and had several drinks. Pasek then laid down on a couch and went to sleep. The others kept on drinking. Mrs. Pasek talked about how they saved her from beatings by her husband. Nowak fell asleep on a chair and Mrs. Pasek woke him up early in the morning and told him that he had better leave. She said Wisz had left five minutes before. Nowak was arrested at his home two blocks away about 9:00 o'clock that morning. Wisz, who lived about one block and a half from the Pasek flat, was arrested about the same time. On cross-examination, Nowak denied having made a statement to the police or to the State's attorney's office, even though he had been beaten.

We refrain, of course, from expressing any opinion as to the guilt of Nowak. However, the testimony stipulated to and that given by Wisz and Nowak, together with the other matters contained in this record fail to show either that this plaintiff in error was proved guilty beyond a reasonable doubt, or that he had a fair trial. In spite of the fact that Nowak at all times denied guilt and had pleaded not guilty, the proceedings resemble more an inquiry by the court into the circumstances surrounding the crime, after a plea of guilty, to determine what aggravation or mitigation of the crime there was. Nowak was entitled to the benefit of Wisz's testimony and Wisz should have been permitted to relate the happenings immediately before they went to the flat where the prosecutrix lived, and what hap-

pened after they reached her residence. The court erred in allowing the motion to strike Wisz's statement that she had invited the defendants there to have a drink. Nowak's counsel, whom he had retained and paid to defend him, desisted immediately after this motion was allowed and he made no further attempt to interrogate Wisz. When the cross-exmination of Nowak was ended, the State's attorney immediately asked for a finding of guilty without as much as inquiring whether the defendants had anything further to offer. Nowak's counsel did ask the court for leniency because the two defendants had no serious previous record against them. He admitted the defendants were guilty, but said it was the result of a night of drinking.

In disregard of Nowak's steadfast denial of guilt and of his plea of not guilty, his counsel stipulated the People's case against these men and cut them off from any benefit of diligent cross-examination of the prosecutrix, her husband and the officer. He failed to protest against the ruling out of competent testimony and failed to assist his client by questions designed to bring out fully the facts and circumstances surrounding the alleged crime, when the defendants were on the stand. The eight acts of sexual intercourse alleged to have been committed by the defendants with the prosecutrix between 1:00 o'clock and 5:00 o'clock A.M., the fact that both Wisz and Nowak lived nearby, and that Wisz, at least, was known to the prosecutrix cast doubt on the stipulated testimony. In our view Nowak did not receive a fair and impartial trial and the judgment against him must be reversed and the cause must be remanded for a new trial.

*Reversed and remanded.*

Mr. CHIEF JUSTICE WILSON, dissenting.