(No. 31317)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* THOMAS FLANAGAN, Plaintiff in Error.

*Opinion filed January 18, 1950.*

LOUIS L. BRESLER, LOUIS L. GOULD, and STEPHEN LEE, all of Chicago, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and JOHN LONG, all of Chicago, of counsel,) for the People.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

A grand jury in Cook County jointly indicted Thomas Flanagan and James D. Seals for the armed robbery of Thomas Finn on March 4, 1949, whereby they obtained $280; a second count charged unarmed robbery. Flanagan alone prosecutes this writ of error.

Each defendant entered a plea of not guilty and waived a jury; each being represented by his own selected and

paid attorney, neither of whom represents Flanagan in this court. The record recites, "Testimony stipulated to by agreement between State's Attorney and counsel for said defendant." The stipulated testimony was read into the record, the prosecuting witness was put on the witness stand and cross-examined by counsel for each defendant. The signed confession of each defendant was then introduced in evidence without any objection being made as to the competency thereof by either Flanagan or his counsel. Each defendant in his respective statement admitted his participation in the perpetration of the offense charged. A witness for the People testified from the witness stand that Flanagan was sober when he made his statement, although the odor of liquor could be detected on his breath. Each defendant took the stand, admitted his part in the crime, and sought to avoid liability therefor by stating it was all done while under the influence of liquor. The record does not disclose any evidence showing Flanagan to have been so intoxicated that he was unable to form an intent to commit the robbery. The trial court found defendants guilty of armed robbery and sentenced Flanagan to the penitentiary.

The only assignment of error briefed and argued is the one asserting Flanagan was denied a fair and impartial trial. Present counsel charged the instances of unfairness arose primarily because of the uncertainty shown by the trial counsel of Flanagan. It is first urged neither Flanagan nor his counsel ever entered into the stipulation to the testimony of the prosecuting witness Finn, for it was counsel for Seals, acting without authority, who included Flanagan in the stipulation. Secondly, Flanagan had been drinking prior to the taking of his statement, and it was wrongfully admitted by stipulation, for it may have been made involuntarily. Thirdly, the trial proceeding, to the time the People rested their case, degenerated into something having little semblance of a trial by reason of Flanagan's counsel enter-

ing into further stipulations. Lastly, the court erred, during the course of testimony concerning Flanagan's condition of sobriety, when Flanagan was asked, while not on the witness stand, if that was his signature on the statement.

Trial counsel for Flanagan never made any effort to lay a foundation upon which present counsel could erect the above reasons in support of the assignment of error. One case, *People* v. *Nowak,* 372 Ill. 381, is relied on by Flanagan because we held therein that when trial counsel of a defendant fails to protect his rights and conducts the defense so poorly, this court will consider the errors assigned though they were not properly preserved, provided the case be a close one and the prosecuting attorney has taken advantage of the defendant because he was poorly represented. When the judgment of conviction is unquestionably right, we will not reverse it because counsel did not try the case as well as he should have. The case cannot aid Flanagan because his is not a close one, the prosecuting attorney did not take advantage of him, and his counsel could not have successfully combatted the overwhelming array of evidence against him.

The first three reasons in support of the assigned error really amount to the proposition that defendant was denied a fair trial because of alleged incompetence of his hired counsel. We have held that a defendant, who is able to and does employ his own counsel in a trial court and subsequently changes counsel to represent him in the higher court cannot legally claim he was denied a fair and impartial trial because of poor representation in the trial court. This is especially so when the record shows the judgment is manifestly and unquestionably right. (*People* v. *Zwienczak,* 338 Ill. 237; *People* v. *Dean,* 308 Ill. 74.) The trial court passed on the competency of the testimony, stipulated and otherwise; we cannot presume that court erred by accepting and relying upon incompetent evidence in adjudging whether the defendant was guilty of the charge. Had an

objection been made to the admission of Flanagan's statement on the theory it had been obtained from him while so intoxicated he did not know what he was saying or signing, the objection could not prevail, for on the record it was a free and voluntary one. Aside from all that, Flanagan took the witness stand in his own defense and admitted, with details, his participation in the robbery. No prejudicial error arose because the trial court asked Flanagan whether he signed the statement.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*