People of the State of Illinois, Appellee, v. Austin
Clark, Appellant.

Gen. No. 49,661.

First District, First Division.

May 10, 1965.

Rehearing denied June 3, 1965.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Frederick F. Cohn and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Paul Sheridan, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

Austin Clark was convicted in a bench trial of burglary and was sentenced to imprisonment in the Illinois State Penitentiary for a term of three to five years. The defendant appealed directly to the Supreme Court but that court transferred the case here. The grounds on which the defendant seeks to reverse his conviction are (1) that the indictment was fatally defective because it does not contain the address of the burglarized premises and (2) that he was not proven guilty beyond a reasonable doubt.

■■ We cannot agree with the defendant that the failure of the indictment to state the address of the burglarized premises requires reversal of this conviction. The indictment described the burglarized premises as the "dwelling house of Kenneth McAdory." The purposes for requiring specificity in an indictment are inapplicable here. In People v. Braun, 375 Ill 284, 31 NE2d 287 and People v. Beeftink, 21 Ill2d 282, 171 NE2d 632, it was held that persons charged with criminal offenses have a constitutional right to demand to know the nature and cause of the accusation against them and that the purposes of this guaranty are, first, to enable the accused to fully prepare his defense and, second, to permit him to plead the judgment in bar of a subsequent prosecution for the same offense. In the instant case, the record reveals that the defendant

was fully apprised before trial of the address of the burglarized premises because he stipulated that if the complainant, Kenneth McAdory, were called he would testify that his home which was burglarized was located at 11169 South Ashland Avenue in Chicago. Hence the defendant was fully aware of the accusation against him. Moreover, the defendant is in no danger of double jeopardy since the address of the burglarized premises is in the record which may be introduced as parol evidence in a subsequent prosecution in order to establish his defense of prior jeopardy. People v. King, 50 Ill App2d 421, 200 NE2d 411 and cases there cited.

The defendant also seeks reversal on the ground that he was not proven guilty beyond a reasonable doubt. Before considering the defendant's arguments, we review the facts elicited at the trial. The State's evidence consisted of the testimony of the arresting officer and of a stipulation between the parties as to what the complainant, who was in California at the time of trial, would testify to if called. The stipulation recited the following: that the complainant lived at 11169 South Ashland Avenue in Chicago on September 27, 1963; that he locked and left his house on that date; and that when he returned the following day he "observed the front door broken. It was moulding that was plied off and the lock forced. Upon his entry, he found his house burglarized, ransacked." It was further stipulated that the complainant found that a stereo high fidelity phonograph, for which he had paid $450, was missing; and that the phonograph subsequently recovered by the police was the one which was missing from the complainant's house. The police officer testified that he arrested the defendant on October 12, 1963, in connection with the burglary in question; that he took the defendant to a police station and questioned him there; that the defendant told him

that he lived in a building located behind the complainant's house; that the defendant also told him that he found the complainant's house door open and that he went in and took the phonograph; that the defendant further told him that he took the phonograph to an apartment at 39th Street and Calumet Avenue; and that the police went to that apartment and there recovered the phonograph. On cross-examination, the officer denied that the defendant had told him that he got the phonograph from the complainant in order to fix it at an agreed price and that the defendant had said he did not return the set to the complainant because the latter did not pay him for the work.

The defendant was the only witness who appeared for his defense. He testified that the complainant asked him to fix the switch on his phonograph and agreed to pay the defendant four dollars for his services. The defendant said he then took the phonograph to his brother's house at 4220 Indiana Avenue. Subsequently, the complainant, who was previously indebted to the defendant for five dollars, told the defendant that he did not have the four dollars to pay him for fixing the phonograph. The defendant told the complainant that he would not return the set until he was paid. The defendant denied that he burglarized the complainant's house and he denied that he told the police that he did.

The defendant argues, first, that the stipulation is not a stipulation as to the truth of the statements contained therein and, second, that since the trial court could not observe the demeanor of the complainant and since the complainant was not under oath when he made the stipulated statement, his statement is insufficient to sustain a burden of proof beyond a reasonable doubt when it has been contradicted by in court testimony of the defendant. Considering

163

the state of the record, we find no merit in this contention.

■ It is clear that the accused may, by stipulation, waive the necessity of proof of part or all of the State's case and, having done so, he cannot complain of the evidence so stipulated. People v. Malin, 372 Ill 422, 24 NE2d 349; People v. Polk, 19 Ill2d 310, 167 NE2d 185; People v. Daniels, 50 Ill App2d 108, 200 NE2d 110.

■■ It is also clear that it is the province of the trial court to determine the credibility of the witnesses and the weight to be given to their testimony and that its judgment should not be set aside by the reviewing court unless it is necessary to prevent an apparent injustice. People v. Lewis, 30 Ill2d 617, 198 NE2d 812; People v. Carr, 22 Ill2d 619, 177 NE2d 107. In the instant case there is a conflict between the defendant's testimony, on the one hand, and the officer's testimony and the complainant's stipulated statement, on the other hand. While the defendant at trial denied that he entered the complainant's house and offered an explanation of his possession of the phonograph, the officer testified that the defendant admitted entering the house and taking the phonograph and it was stipulated by the defendant that the complainant would testify that his premises were burglarized. The record clearly shows that the trial judge, who heard the testimony of the police officer and of the defendant and who considered the stipulated evidence, said at the close of trial that he did not believe the defendant's story. We find no ground on which his determination should be set aside and hence the judgment of the Criminal Division of the Circuit Court is affirmed.

Judgment affirmed.

MURPHY and KLUCZYNSKI, JJ., concur.