The People of the State of Illinois, Plaintiff-Appellee, *v.* Ronald Morris, Defendant-Appellant.

(No. 54594;

First District—May 30, 1972.

Gerald W. Getty, Public Defender, of Chicago, (George L. Lincoln and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Nicholas Taubert, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

On February 5, 1964, Ronald Morris (defendant) was indicted for murder. (Ill. Rev. Stat. 1963, ch. 38, par. 9—1.) After a jury trial, he was found guilty and sentenced to 50 to 100 years in the penitentiary. He appealed to this court. In an opinion filed December 19, 1967, this court reviewed the record and all contentions raised by defendant's counsel. The court stated all of the testimony in detail and rejected the contention of defendant that he was not proven guilty beyond reasonable doubt. However, this court reversed the conviction because the record contained evidence of alibi so that the trial court erred in refusing defendant's tendered instruction on alibi. (See *People v. Morris*, 90 Ill. App.2d 208, 234 N.E.2d 52 (reported in abstract only, General No. 50855).) Reversal of the conviction upon this ground was then required under the authority of *People v. Scott*, 401 Ill. 80, 86, 81 N.E.2d 426. Compare, however, IPI Criminal 24.05 effective January 1, 1969.

The matter was then again set for trial. A jury was waived and the cause submitted to the trial court upon the record made in the first trial. The details of this procedure will be subsequently considered. The court found defendant guilty of murder and he was sentenced to 25 to 75 years in the penitentiary. Defendant appeals.

Defendant contends: (1) that he did not actually stipulate for consideration of the former record by the trial judge; (2) that, even if he did, the stipulation was invalid because it violated public policy; (3) that such a stipulation deprived him of constitutional rights and (4) that the transcript of the first trial reflects improper evidence resulting from trial error in permitting a witness to be called as a court's witness.

Defendant raises no point on the sufficiency of the evidence to justify conviction beyond a reasonable doubt. The facts are set forth in clear detail in the previous opinion of this court. Therefore, we need state only that the crime here involved was murder of an elderly woman by

repeated stabbing. We will consider each of the above contentions in order.

Counsel for defendant and the State's Attorney appeared before the court together in due course. Defendant was personally present during all material times. A motion had previously been filed in defendant's behalf to suppress his testimony at the coroner's inquest and statements he had allegedly made to the police. When this motion was about to be heard, counsel for defendant stated that he would agree and stipulate that if the witnesses who testified at the hearing of the motion prior to the original trial were to be called, they would testify to the same statements that they previously gave. The court and both counsel then carried the matter further. The prosecutor stated that the stipulation would also provide that the witnesses who appeared in the original trial would, if called again, give the same testimony as reflected in the transcript. The trial court repeated his understanding of the stipulation to the effect that the court would read the entire transcript for both the motion and the trial; that the court would then rule on the motion to suppress; that either the State or defendant might then present additional evidence which would pertain only to the trial and not to the motion to suppress. Both counsel agreed to this procedure.

The court then called the defendant forward and asked him if he understood the stipulated procedure. Defendant replied affirmatively. The court then restated the fact that he would read everything in the transcript from the prior trial and the defendant again responded affirmatively. The court stated that he would then rule on the motion to suppress directly from the transcript and that "[w]ith regard to the trial itself, after I have read everything, you may, both sides may, present additional evidence." The defendant again responded affirmatively. The court then inquired, "Is there any further stipulation? Anything else we need?" The State responded negatively. The court then asked defendant's lawyer if he could think of anything and received a negative response.

The transcript of testimony on the first trial was then duly marked "Joint Exhibit number 1." Counsel for defendant stated, "I have no objection to it going in *  *  *." The court in due course granted defendant's motion to suppress. The State introduced in evidence as "People's Exhibit number 1" a watch which had been the property of the deceased and rested.

Defendant called three witnesses, his mother, sister and father. Only a short portion of their testimony is reflected in defendant's excerpts from the record. All three of these witnesses attempted to establish an alibi for defendant. In defendant's brief in this court his counsel states

only that these witnesses were called "* * * in an attempt to establish an alibi defense." The sufficiency of this alibi evidence is not argued in defendant's brief.

■■ At the trial of the cause, both sides referred freely to the transcript of the testimony at the prior trial (Joint Exhibit number 1). Defendant's counsel has devoted five pages of his brief to a detailed argument that the stipulation is ambiguous and that it must fail because the transcript of the prior proceedings was not reintroduced when trial on the merits commenced. We find this argument without merit. In fact, upon oral argument, counsel for defendant conceded that at the trial the court and both counsel intended that their stipulation should cover consideration of the previous record for all purposes. In our opinion, the stipulation was adequately clear and certainly sufficient to express the intention of all parties, including the defendant himself, that the previous transcript of testimony was to be considered for all purposes.

■■ Defendant next contends that the stipulation violated public policy and was, therefore, improperly used as a basis for the conviction. The State responds by pointing out that this issue was not raised by defendant at trial and, therefore, it may not be raised for the first time in this court. This doctrine is the accepted law of this jurisdiction. It has been applied to failure to object to hearsay evidence (*People v. Davis*, 126 Ill.App.2d 114, 117, 261 N.E.2d 428) and even to failure to raise constitutional questions. (*People v. Harris*, 33 Ill.2d 389, 211 N.E.2d 693; *People v. Eubank*, 46 Ill.2d 383, 388, 263 N.E.2d 869. See also *People v. Thompson*, 48 Ill.2d 41, 45—46, 268 N.E.2d 369.) In our opinion, this principle is binding in the case at bar and defendant may not raise in this court for the first time the issue of alleged violation of public policy. This should be particularly true in the case at bar where defendant by his counsel of record actually invited and affirmatively participated in a procedure which he now claims was error. (*People v. Savage*, 102 Ill.App.2d 88, 101, 243 N.E.2d 702; *People v. Jennings*, 84 Ill.App.2d 33, 228 N.E.2d 566.) The same ruling should be applied with reference to defendant's next contentions regarding alleged violations of constitutional rights. However, we will consider the merits of the contentions regarding public policy and constitutional rights although raised here for the first time.

Defendant relies primarily upon three cases, none of which is applicable here. In *People v. McCoy*, 44 Ill.2d 458, 256 N.E.2d 449, no witness was ever called and the State's case consisted solely of testimony by the State's Attorney which was almost entirely hearsay. There was never a trial in the proper sense of the word. The stipulation in the case at bar refers only to introduction of sworn testimony properly taken and previously subjected to the test of cross-examination. In addition,

we note the strong dissent in *McCoy,* pointing out the undesirability of permitting defendant to encourage the objectionable type of proceeding in the trial court and then to attack it upon appeal.

In *People v. Ruiz,* 403 Ill. 295, 86 N.E.2d 247, also cited by defendant, the testimony regarding identification was described as wavering and indicative of considerable doubt in the mind of the prosecuting witness. In addition, much of the evidence was presented to the court by way of an oral stipulation. In *People v. Nowak,* 372 Ill. 381, 24 N.E.2d 50, the entire evidence, including that which was the subject of a stipulation, was extremely doubtful so that the court criticized the use of the stipulation as a primary method of introducing essential evidence for the first time.

■■ These criticisms of the stipulation depend upon the merits of the situation presented. In many instances, the use of the stipulation as a complete substitute for testimony should be criticized. However, the use of a stipulation to waive necessity of proof is an accepted and established, as well as an essential, method of expediting the trial of criminal cases. (*People v. Woods,* 23 Ill.2d 471, 474, 179 N.E.2d 11; *People v. Clark,* 59 Ill.App.2d 160, 208 N.E.2d 126.) In the case at bar, the stipulation enabled the court to use a certified transcript containing sworn testimony subjected to cross-examination and then evaluated by the verdict of a jury and by the entry of judgment. In addition the proceedings and testimony were given careful and thorough review by three judges of the Appellate Court. We find that this use of the stipulation violated no principle of law or public policy but that it was proper in all respects.

■■ We consider next the alleged deprivation of defendant's constitutional right to confront the witnesses against him as guaranteed by the Sixth Amendment of the Federal Constitution. We fail to find violation of Sixth Amendment rights under the circumstances of the case at bar. It must be remembered that these rights were fully protected at the initial trial as above pointed out. However, regardless of these factors, we find from this record that these rights were knowingly and intelligently waived by defendant. In *Brookhart v. Janis,* 384 U.S. 1, cited by defendant, the defendant insisted that he was innocent but his lawyer entered a plea of guilty. In that case, there was no waiver or acquiescence by defendant. Conversely, in the case at bar the court expressly took the time to give defendant an explanation of the procedure that was to be followed and defendant and his counsel both agreed. Defendant claims, however, that he was not told by the court that he had a right to confront and cross-examine the witnesses. In this regard, the situation is somewhat analogous to problems arising in acceptance of a plea of guilty. In this type of case, as with every waiver of any right,

there are collateral situations which may arise and indirect consequences of the waiver which might be extended to inordinate limits. For example, the issue has been raised that the entry of a plea of guilty also waives the right of confrontation and that defendant should be specifically advised of this. Defendant in this case accepts this analogy and argues from *Boykin v. Alabama,* 395 U.S. 238 as a basis. The Supreme Court of Illinois has specifically held that there need not be "specific admonitions and waivers" of the various subsidiary constitutional consequences which may arise from a plea of guilty. (*People v. Reeves,* 50 Ill.2d 28, 276 N.E.2d 318 and *People v. Arndt,* 49 Ill.2d 530.) We find these authorities cited and depended upon in a recent opinion by this court. (*People v. Walsh,* 3 Ill.App.3d 1042, 279 N.E.2d 739.) This record reflects a knowing, intelligent and completely adequate waiver of rights by defendant in entering into the stipulation in question.

■■ The final point raised by defendant is an attempted attack upon the transcript of the prior proceedings on the ground that trial error was committed in permitting a witness to be called as a court's witness. This point was raised at the original trial. It was considered and rejected by this court in the prior appeal. We held that the trial court did not abuse its discretion in permitting a witness to testify as a court's witness. This was done upon the authority of *People v. Siciliano,* 4 Ill.2d 581, 123 N.E.2d 725. The prior ruling of this court presents a binding former adjudication. (*People v. Kamsler,* 39 Ill.2d 73, 74, 233 N.E.2d 415.) Furthermore, the prior holding of this court was correct on the merits and it is expressly reaffirmed. As expressed in *Siciliano,* under the proper circumstances, the trial court may call any witness as a court's witness whether or not he was an eyewitness. "The power of the court to call witnesses is not limited to the calling of eyewitnesses." *People v. Siciliano,* 4 Ill.2d 581, 590, 123 N.E.2d 725. See also *People v. Moriarity,* 33 Ill.2d 606, 615, 213 N.E.2d 516.

We find no error in the record and the judgment and sentence are, therefore, affirmed.

Judgment and sentence affirmed.

BURKE and LYONS, JJ., concur.