1078

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES WIGGINS (Impleaded), Defendant-Appellant.

(No. 56963; ▮▮▮▮▮▮▮▮

First District (2nd Division)—January 30, 1973.

*Rehearing denied March 6, 1973.*

James J. Doherty, Public Defender, of Chicago, (Stanley J. Sacks and Thaddeus L. Kowalski, Assistant Public Defenders, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (Elmer C. Kissane and Robin K. Auld, Assistant State's Attorneys, of counsel,) for the People.

PER CURIAM:

Charles Wiggins, defendant, and his brother, Jerry Wiggins, who is not involved in this appeal, were found guilty, after a bench trial, of the crime of attempt theft, in that they knowingly attempted to remove the right front tire from the automobile of Lionell Coppleson, in violation of Section 8—4 of the Criminal Code. Jerry Wiggins was sentenced to 90 days to the House of Correction. Charles Wiggins was sentenced to a term of six months to the House of Correction. (Ill. Rev. Stat. 1971, ch. 38, par. 8—4.) He appealed. Jerry Wiggins did not.

The defendant contends that the evidence failed to establish beyond a reasonable doubt that the automobile from which the theft of a tire was attempted was the property of Lionell Coppleson. Before trial, but after the witnesses were sworn, the trial court and the Public Defender had the following conversation:

"The Court: Do you want to stipulate to ownership?

Mr. Walters: I will stipulate to ownership and that he failed to give the two defendants consent to approach it and attempt to remove any part of his vehicle."

■■ When the Public Defender argued the defendants' motion for a directed finding at the close of the State's case and again at the close of all the evidence he did not raise the issue that the State failed to prove that the blue 1970 Ford from which the defendants attempted to take a tire, bearing Illinois license No. RE 9201, was the property of Lionell Coppleson. It is the general rule of law that matters not raised in the trial court cannot be raised for the first time in the Appellate Court. (*People v. Irwin* (1965), 32 Ill.2d 441, 207 N.E.2d 76; *People v. Adams* (1968), 41 Ill.2d 98, 101, 242 N.E.2d 167.) It is also a general rule of law that matters which were stipulated to by the parties cannot be disputed on appeal. *People v. Holloman* (1970), 46 Ill.2d 311, 263 N.E.2d 7; *People v. Morris* (1972), 6 Ill.App.3d 136, 285 N.E.2d 247; *People v. Piehl* (1972), 6 Ill.App.3d 296, 285 N.E.2d 612.

The cases cited by the defendant are not in point because in those cases the defendant did not stipulate as to the ownership of the property.

■■ In the case at bar, the record clearly shows that the defendant stipulated that Lionell Coppleson owned the blue 1970 Ford, bearing Illinois license No. RE 9201, and that he did not "give the two defendants consent to approach it and attempt to remove any part of his vehicle." Therefore, it was not necessary for the State to prove ownership of the automobile from which the theft of the tire was attempted.

Defendant also argues that he is entitled to a hearing in aggravation and mitigation because it was not expressly waived by him. He states that consequently the case should be remanded for a hearing in aggravation and mitigation. *People v. Smice* (1967), 79 Ill.App.2d 348, 223 N.E.2d 548, and *People v. Sessions* (1968), 95 Ill.App.2d 17, 238 N.E.2d 94.

■■ However, in *People v. Parr* (1970), 130 Ill.App.2d 212, 264 N.E.2d 850, this court held that the defendant's failure to request a hearing in aggravation and mitigation constituted a waiver of his right to such a hearing. Other cases to the same effect are *People v. Jackson* (1971), 2 Ill.App.3d 120, 125-126, 276 N.E.2d 32; *People v. Riso* (1970), 129 Ill. App.2d 356, 363, 264 N.E.2d 236; *People v. Nelson* (1969), 41 Ill.2d 364, 367, 243 N.E.2d 225. In the case at bar, the record shows that the defendant did not request a hearing and, therefore, it has been waived.

There being no reversible error, the judgment is affirmed.

Affirmed.