THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD MORRIS, Defendant-Appellant.

First District (5th Division)    No. 62850

Opinion filed April 7, 1977.

James J. Doherty, Public Defender, of Chicago (John Thomas Moran and Timothy P. O'Neill, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Mary Ellen Dienes, and Michael J. Polelle, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Petitioner, Ronald Morris (above referred to as defendant-appellant), appeals from an order of the circuit court of Cook County denying his petition for post-conviction relief. We affirm. The pertinent facts follow.

On February 5, 1964, Morris was indicted for the murder of an elderly woman by repeated stabbing. After a jury trial, he was found guilty and

sentenced to a term of 50 to 100 years in the penitentiary. Upon appeal, this court found that the record disclosed sufficient evidence whereby a jury could reasonably have found Morris guilty, but his conviction was reversed and the cause remanded for a new trial because the trial court had erred in refusing his tendered instruction on alibi. *People v. Morris* (1967), 90 Ill. App. 2d 208, 234 N.E.2d 52 (abstract).

When the matter was retried, Morris waived a jury. The transcript of testimony of the first trial was read into evidence. On July 9, 1969, Morris was found guilty of murder and sentenced to a term of 25 to 75 years in the penitentiary. He again appealed and this court affirmed the conviction. (*People v. Morris* (1972), 6 Ill. App. 3d 136, 285 N.E.2d 247.) We there found that Morris had clearly stipulated that the transcript from his first trial was to be considered for all purposes in his new trial, and knowingly, intelligently and completely waived the right to confront witnesses against him. The facts surrounding the stipulation are set forth in the opinion.

Thereafter, on September 25, 1972, Morris filed a *pro se* petition for relief pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1971, ch. 38, par. 122—1 *et seq.*) contending that he had not waived his constitutional right to confront witnesses at the retrial. The State filed a motion to dismiss the petition on the grounds that there were no constitutional questions of a substantial nature, and that the doctrine of *res judicata* applied in light of the appellate court's affirmance of the conviction and sentence after retrial. Defense counsel then filed a "supplemental" petition which included the grounds alleged in *Morris'* *pro se* petition, and in addition asserted that despite defense requests at trial the State failed to provide petitioner with police reports involving two persons other than Morris in the murder.[1] On November 8, 1972, the trial court denied both the petition for post-conviction relief and the State's motion to dismiss. Morris appeals from the denial of his petition.

OPINION

Petitioner first argues that although it was stipulated that the transcript of testimony from the first trial would be admitted into evidence at his new trial, his approval of the stipulation procedure did not constitute a valid waiver of his right to confront witnesses against him as guaranteed by both the Illinois and the United States constitutions. This contention is set forth in the petition, to which Morris attached an affidavit by his attorney at the second trial. Affiant states that he did not explain to Morris the meaning or legal significance of the word "stipulation."

This stipulation was the subject of petitioner's second appeal (6 Ill.

---

[1] Supreme Court Rule 412 (58 Ill. 2d R. 412) became effective October 1, 1971, and therefore was not applicable to the prior trials herein.

App. 3d 136, 285 N.E.2d 247), where we considered the facts and circumstances surrounding the stipulation as well as its effect. There we held that Morris had clearly stipulated that the transcript was to be considered for all purposes at his new trial, that the use of the stipulation violated no principle of law or public policy, and that Morris knowingly, intelligently and completely waived the right to confront witnesses by entering into the stipulation.

■■ The instant appeal arises from the trial court's denial of Morris' petition for relief under the Post-Conviction Hearing Act. A proceeding under this Act is a new proceeding for the purpose of inquiring into the constitutional phases of the original conviction which have not already been adjudicated. (*People v. Beckham* (1970), 46 Ill. 2d 569, 264 N.E.2d 149.) We have consistently held that where an allegation has been previously considered and rejected by this court on direct appeal, any reconsideration of the same allegation is barred by the doctrine of *res judicata*. (*People v. Lynch* (1975), 32 Ill. App. 3d 350, 336 N.E.2d 626; *People v. Walker* (1972), 6 Ill. App. 3d 909, 286 N.E.2d 812.) Further, all issues which could have been presented to the reviewing court, and were not, are waived. (*People v. Adams* (1972), 52 Ill. 2d 224, 287 N.E.2d 695; *People v. Derengowski* (1970), 44 Ill. 2d 476, 256 N.E.2d 455.) The rule of waiver will be relaxed only where required by fundamental fairness. *People v. Mamolella* (1969), 42 Ill. 2d 69, 245 N.E.2d 485.

With respect to the stipulation, we find that Morris sought to relitigate in post-conviction proceedings an issue which had been decided adversely to him in a prior appeal, upon evidence which could have been presented to this court in the first instance. The circumstances do not require that application of the doctrine of *res judicata* and waiver be relaxed.

Morris also argues that the trial court erred in denying his post-conviction petition since it presented facts showing that the State suppressed evidence linking two persons other than Morris with the crime. In the petition he alleged that he made timely requests at both trials to obtain evidence which might have been favorable to him and material to the issue of guilt or punishment; that, nevertheless, the State failed to provide him with police reports and statements of witnesses which would have implicated two men, Joseph Mayfield and an individual known as Bimbo, in the crime. Attached to Morris' petition were various discovery motions made by him at both trials, police reports, witnesses' statements, and the aforementioned affidavit of his attorney at his second trial.

■■ ■ When properly pleaded, an allegation in a post-conviction petition that the State suppressed evidence favorable to the accused, raises a constitutional question within the purview of the Post-Conviction

Hearing Act. (*People v. Matthews* (1976), 37 Ill. App. 3d 1024, 347 N.E.2d 385; see *People v. Sawyer* (1971), 48 Ill. 2d 127, 268 N.E.2d 689.) However, proceedings under the Act are civil in nature, and the burden of proof is on the petitioner to show that he was deprived of a constitutional right. (*People v. Harper* (1969), 43 Ill. 2d 368, 253 N.E.2d 451.) The petition must clearly set forth how the petitioner's constitutional rights were violated. (Ill. Rev. Stat. 1971, ch. 38, par. 122—2.) Mere conclusory allegations in the petition are insufficient (*People v. LeCompte* (1976), 38 Ill. App. 3d 513, 347 N.E.2d 797); and facts contained in supporting affidavits must be set forth with reasonable certainty. *People v. Collins* (1968), 39 Ill. 2d 286, 235 N.E.2d 570.

■■ Morris alleged in his petition that the State suppressed evidence concerning Mayfield and Bimbo. Attached to his petition are Morris' discovery motions and the matter allegedly suppressed. The information which petitioner argues was withheld consists of statements concerning Bimbo's reputation in the community, his possible whereabouts and real name, and that he was seen a few days after the incident wearing a white jacket stained with blood. Petitioner alleges that this information supports his statement to the police. He also alleges information was withheld that Mayfield had at various times lived with the victim, that he was seen before and after the incident in the victim's apartment building, that he was arrested as a suspect and carried two knives, and that he was not cleared by a polygraph examination. Nowhere in the petition or attached documents does petitioner indicate when the evidence concerning Mayfield was made available to him. We deem this fact crucial to a determination of whether the evidence was suppressed. The discovery motions relate to two trials. We cannot ascertain from the petition or its attached documents whether any of the evidence concerning Mayfield was made available to petitioner in response to any of his discovery motions, and therefore whether this evidence was suppressed.

One affidavit accompanies the post-conviction petition. It is the affidavit of petitioner's attorney at his second trial, and it contains a statement concerning evidence pertaining to Bimbo. The affiant states that he was "informed prior to trial through informal conference" that the State only had some hearsay statements relative to a Bimbo and that the statements "all proved unfounded"; that no "actual statements [were] turned over" to counsel although "requests were made for same." Aside from the infirmity in the statement due to lack of specificity, it is significant that despite this information counsel elected not to pursue discovery. The record shows that petitioner had previously given the police a statement implicating Bimbo. Petitioner was therefore aware of the existence of Bimbo at the time his attorney asserts that the State told him of the "hearsay" statements concerning Bimbo. At that point in time

counsel could have sought the assistance of the trial court in discovery. We find that insofar as petitioner could have but failed to raise this matter in the trial court and on his direct appeal from the second trial, it has been waived. Post-conviction proceedings are not to be used as a device for determining guilt or innocence, or for asserting matters which could have been raised at trial or on direct appeal. *People v. French* (1970), 46 Ill. 2d 104, 262 N.E.2d 901; *People v. Matthews.*

■■ Moreover, the State was not required to furnish petitioner with everything in its file which might influence a jury. We cannot say that the allegedly suppressed evidence, evaluated in the context of the entire record, creates a reasonable doubt of guilt that did not otherwise exist. *United States v. Agurs* (1976), 427 U.S. 97, 49 L. Ed. 2d 342, 96 S. Ct. 2392; *People v. Jones* (1977), 66 Ill. 2d 152, 361 N.E.2d 1104.

For the foregoing reasons we find that the trial court did not err in denying Morris' petition for post-conviction relief. The order of the circuit court of Cook County is affirmed.

Affirmed.

LORENZ and WILSON, JJ., concur.