THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TOMMY GORDON FLOYD, Defendant-Appellant.

Fifth District   No. 5—89—0512

Opinion filed March 15, 1991.

Daniel M. Kirwan and Janet L. Gandy, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Mark Stanley, State's Attorney, of Carmi (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HARRISON delivered the opinion of the court:

Defendant, Tommy Gordon Floyd, appeals from a judgment of the circuit court of White County which summarily dismissed his *pro se* post-conviction petition. As grounds for his appeal, defendant contends that the dismissal is void and must be set aside because the circuit court violated section 122—2.1 of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1989, ch. 38, par. 122—2.1) when it failed to render its dismissal order within 30 days of when defendant mailed his petition to the clerk of the circuit court. For the reasons which follow, we hold that the 30-day statutory period did not, in fact, commence at the time the petition was allegedly mailed. We therefore affirm.

Defendant was convicted of murder and sentenced to 30 years' imprisonment. On direct appeal to this court we affirmed. (*People v. Floyd* (1987), 160 Ill. App. 3d 80, 512 N.E.2d 1378.) Thereafter, defendant initiated this action for post-conviction relief pursuant to

the Post-Conviction Hearing Act (Ill. Rev. Stat. 1989, ch. 38, par. 122—1 *et seq.*). The certificate of service attached to defendant's petition indicates that it was mailed to the State's Attorney for White County on June 13, 1989. There is no evidence as to when it was sent to the clerk of the court. We know, however, that the clerk received the petition two days later, on June 15, 1989. The clerk file-stamped the petition with that date and made an entry in the record sheet for the case which provided, "Petition for Post-Conviction [Relief] received [and] docketed for consideration by the Court pursuant to Section 122—2.1. Petition for Post-Conviction promptly brought to attention of Court."

■ Section 122—2.1 of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1989, ch. 38, par. 122—2.1) states, in part:

> "(a) Within 30 days after the filing and docketing of each petition, the court shall examine such petition and enter an order thereon pursuant to this Section.
>
> * * *
>
> (2) If * * * the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision. Such order of dismissal is a final judgment and shall be served upon the petitioner by certified mail within 10 days of its entry."

Our supreme court has made clear that the 30-day rule set forth in this statute is mandatory, not directory. Accordingly, a trial court's noncompliance with the rule will render any summary dismissal of a petition void. *People v. Porter* (1988), 122 Ill. 2d 64, 86, 521 N.E.2d 1158, 1167, *cert. denied* (1988), 488 U.S. 837, 102 L. Ed. 2d 77, 109 S. Ct. 102.

■ In this case, the circuit court did summarily dismiss defendant's petition in a written order dated July 17, 1989. There is no dispute that this order was timely if June 15, 1989, is regarded as the date of "filing and docketing" under the statute. This is so because July 15, the thirtieth day after June 15, fell on a Saturday, and the time in which the trial court was required to act was therefore automatically extended to the following Monday, which was July 17. (Ill. Rev. Stat. 1989, ch. 1, par. 1012.) Defendant, however, argues that the actual date of "filing" here was the date when the petition was mailed, June 13, 1989. Because more than 30 days had elapsed between this date and the date of dismissal, defendant reasons that the order of dismissal was void and must now be set aside.

██ A threshold problem with defendant's argument is that the record before us shows only that the petition was mailed to the White County State's Attorney on June 13. It does not indicate when or even how the petition was transmitted to the clerk of the circuit court. As a result, there is no evidentiary basis for the proposed earlier "filing" date urged by defendant.

██ Even if defendant had established that his petition was in fact mailed to the clerk on June 13, his position would still be untenable. For certain purposes, documents are deemed to be filed with the clerk of the circuit court on the day they are mailed to the clerk's office. (See *Harrisburg-Raleigh Airport Authority v. Department of Revenue* (1989), 126 Ill. 2d 326, 533 N.E.2d 1072 (notices of appeal).) However, where, as here, a petition commences a new action and is not merely a continuation of some prior proceeding (*People v. Morris* (1977), 47 Ill. App. 3d 732, 735, 365 N.E.2d 424, 426-27), the petition is not deemed to have been filed until it passes into the actual physical possession of the clerk. The date of mailing is not controlling. *Wilkins v. Dellenback* (1986), 149 Ill. App. 3d 549, 500 N.E.2d 692.

██ In any case, defendant's analysis overlooks that the mandatory 30-day period which is at the heart of this dispute commences not simply when a petition is filed, but when it is filed and *docketed*. (Ill. Rev. Stat. 1989, ch. 38, par. 122—2.1(a).) For a petition to be "docketed" does not mean that it must be placed on the trial court's call. However, the reference to "docketing" in the statute does presuppose some ministerial action performed by the clerk upon the receipt of the petition. (*People v. Byers* (1990), 196 Ill. App. 3d 502, 509, 554 N.E.2d 317, 321.) Obviously, such action cannot occur while a petition is still in the mail. Accordingly, even if a petition were deemed to be filed at the time it is mailed, it cannot possibly be regarded as having been "docketed" at that time. Thus, the 30-day period cannot begin to run upon mailing of the petition alone.

For the foregoing reasons, the judgment of the circuit court of White County is affirmed.

Affirmed.

RARICK, P.J., and GOLDENHERSH, J., concur.