THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALBAN F. SAUNDERS, JR., Defendant-Appellant.

Second District No. 2—93—0320

Opinion filed May 5, 1994.

G. Joseph Weller and Kim M. DeWitt, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel A. Fish, State's Attorney, of Dixon (William L. Browers and Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Alban Saunders, appeals from the trial court's order dismissing his post-conviction petition. On appeal, defendant claims that, because he mailed the petition on December 30, 1991, the 10-year limitations period in effect before January 1, 1992, applies to his petition (see Ill. Rev. Stat. 1989, ch. 38, par. 122—1 (now codified, as amended, at 725 ILCS 5/122—1 (West 1992))). Defendant also claims that the trial court should have appointed, after the assistant public defender originally appointed to represent him withdrew because of a conflict of interest, new counsel to represent him during the hearing on the motion to dismiss. We reverse and remand.

In 1983, defendant was convicted in the circuit court of Lee County of murder (Ill. Rev. Stat. 1981, ch. 38, par. 9—1(a)(1) (now codified, as amended, at 720 ILCS 5/9—1(a)(1) (West 1992))). On direct appeal, this court affirmed his conviction and sentence. (*People v. Saunders* (1985), 135 Ill. App. 3d 594.) Defendant filed, *pro se*, a petition pursuant to the Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1991, ch. 38, par. 122—1 *et seq.* (now codified, as amended, at 725 ILCS 5/122—1 *et seq.* (West 1992))). The petition was notarized and

dated December 30, 1991. Attached to the petition was a notarized document entitled "Proof of Service." This document was also dated December 30, 1991, and in it defendant stated that, on December 30, 1991, he placed the petition in the United States Mail at the Centralia Correctional Center. Defendant also attached a notarized affidavit dated December 30, 1991, in which he states that he timely submitted the petition. The circuit court clerk file stamped the petition on January 9, 1992.

On January 28, 1992, the State moved to dismiss the petition on the ground that the petition was filed more than three years after the date of defendant's conviction. On November 30, 1992, the trial court appointed David T. Fritts to represent defendant.

At the December 7, 1992, hearing, the trial court made the following statement:

"The court is in receipt of a post-conviction petition. Upon receipt of same I did appoint Mr. Fritts to represent Mr. Saunders, but he's informed the court that he's not able to represent him because of certain allegations that were made in the petition. I think the proper procedure in this case is *** that the court can consider the motion to dismiss without appointment of counsel. In the event that the State does not prevail on the motion *** then the court would appoint counsel for Mr. Saunders."

After hearing arguments, the court concluded that the petition was not timely filed and granted the State's motion. We allowed defendant leave to file a late notice of appeal.

■ Defendant first argues that the date of mailing, not the file-stamp date, determines when a post-conviction petition is filed. Effective January 1, 1992, section 122—1 of the Act was amended to state that "[n]o proceedings under this Article shall be commenced more than *** 3 years from the date of conviction *** unless the petition alleges facts showing that the delay was not due to [the petitioner's] culpable negligence." (Ill. Rev. Stat. 1991, ch. 38, par. 122—1 (now 725 ILCS 5/122—1 (West 1992)).) Previously, the time for filing post-conviction petitions was within 10 years after the date of the conviction. Ill. Rev. Stat. 1989, ch. 38, par. 122—1 (now codified, as amended, at 725 ILCS 5/.122—1 (West 1992)).

If the defendant's petition is deemed to have been filed on January 9, 1992, the date the circuit court clerk file stamped it, then the shortened limitations period applies and the trial court properly dismissed the petition. (See *People v. Bates* (1988), 124 Ill. 2d 81, 86 (shortened Post-Conviction Hearing Act limitations period may be applied retroactively to convictions entered prior to its enactment).) However, in light of the "pro-mailing" policy adopted in recent cases,

we conclude that the verified date of mailing determines when a post-conviction proceeding has been "commenced" within the meaning of section 122—1.

This "pro-mailing" policy has its origins in contexts other than the filing of post-conviction petitions. The cases adopting this policy have held that certain documents are deemed filed on the day the filing party places them in the mail. See *Harrisburg-Raleigh Airport Authority v. Department of Revenue* (1989), 126 Ill. 2d 326, 341-42 (notice of appeal); *People v. Aldridge* (1991), 219 Ill. App. 3d 520, 523 (motion to withdraw guilty plea); *People v. Easley* (1990), 199 Ill. App. 3d 179, 182-83 (motion to reduce sentence); *People v. Pagel* (1990), 197 Ill. App. 3d 305, 307 (date of proof of service, not postmark date, determines when motion to withdraw guilty plea is filed).

In *People v. Johnson* (1992), 232 Ill. App. 3d 882, the court addressed the issue that is now before us. The court in *Johnson* extended the "date-of-mailing" rule to govern the filing of post-conviction petitions and held that the defendant's petition was filed on December 31, 1991, the day he placed the petition in the prison mail system. (*Johnson*, 232 Ill. App. 3d at 884.) The court reasoned that "[w]hen a party has a deadline for filing a document, and filing by mail is permitted, the time of the mailing should logically control." *Johnson*, 232 Ill. App. 3d at 884.

The State claims that *People v. Floyd* (1991), 210 Ill. App. 3d 840, should control our analysis. The issue in *Floyd* was whether the trial court's dismissal of the defendant's petition as "frivolous or patently without merit" occurred, as the statute requires, within 30 days after the "filing and docketing" of the petition. (See Ill. Rev. Stat. 1991, ch. 38, par. 122—2.1(a)(2) (now 725 ILCS 5/122—2.1(a)(2) (West 1992)).) In *dicta*, the court acknowledged the pro-mailing policy of *Harrisburg-Raleigh Airport Authority* and its progeny but concluded that where a petition commences a new action and is not merely a continuation of some prior proceeding, the petition is not considered filed until it comes into the physical possession of the court clerk. *Floyd*, 210 Ill. App. 3d at 843.

In formulating this distinction, the court in *Floyd* relied upon this court's reasoning in *Wilkins v. Dellenback* (1986), 149 Ill. App. 3d 549. In *Wilkins*, we held that the date that the circuit court clerk file stamps a petition filed pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—1401 (now 735 ILCS 5/2—1401 (West 1992))) should control the determination of whether the petition was filed within the two-year limitations period for initiating such procedures. (*Wilkins*, 149 Ill. App. 3d at 554.) There are, however, several considerations that militate against the application of *Wilkins*' rule to post-conviction petitions.

First, because the Act provides that the court need not appoint counsel for indigent petitioners until it determines that the petition is not "frivolous or patently without merit" (Ill. Rev. Stat. 1991, ch. 38, par. 122—2.1 (now 725 ILCS 5/122—2.1 (West 1992))), many petitioners must file their initial petition *pro se*. Therefore, unlike most section 2—1401 petitioners, most post-conviction petitioners must file the petition without the benefit of the assistance of counsel.

Additionally, most post-conviction petitioners are incarcerated at the time they file their petitions. (See Ill. Rev. Stat. 1991, ch. 38, par. 122—1 (now 725 ILCS 5/122—1 (West 1992)).) When a *pro se* petitioner is incarcerated, generally, the only option he has for filing his petition is to deposit it in the prison mail system. "When the party required to make the mailing is incarcerated, that individual cannot control the movement of the document after it is placed in the mailing system of the incarcerating institution." (*Johnson*, 232 Ill. App. 3d at 884.) Considering that the use of the prison mail system to file a document can result in delays of several days before the court clerk receives the document (see *Johnson*, 232 Ill. App. 3d at 883 (six days); *Aldridge*, 219 Ill. App. 3d at 521 (seven days); *Easley*, 199 Ill. App. 3d at 182 (incarcerating institution did not send out defendant's motion until four days after he deposited it in the prison mail system)), we conclude that it would be unfair to require the post-conviction petitioner to assume the responsibility of accounting for such erratic delays.

We note that our holding does not conflict with the court's holdings in *Floyd* and *People v. Mitchell* (221 Ill. App. 3d 979). *Floyd* and *Mitchell* held that the 30-day period within which the court must decide whether to dismiss summarily a post-conviction petition (see Ill. Rev. Stat. 1991, ch. 38, par. 122—2.1(a)(2) (now codified, as amended, at 725 ILCS 5/122—2.1(a)(2) (West 1992))) does not commence until the petition is actually on file with the court. (*Floyd*, 210 Ill. App. 3d at 843; *Mitchell*, 221 Ill. App. 3d at 982.) The Act states that the trial court must make this initial determination within 30 days of the "filing and docketing" of the petition. (Ill. Rev. Stat. 1991, ch. 38, par. 122—2.1(a) (now codified, as amended, at 725 ILCS 5/122—2.1(a) (West 1992)).) Thus, those cases were concerned with the point in time at which the petition is deemed filed *and* docketed, while we need determine only the point at which the petition is deemed filed. As the *Johnson* court noted, "[t]he time in which a court must act on a document is logically measured by the time in which that document is actually before the court." (*Johnson*, 232 Ill. App. 3d at 884.) As we have already noted, different considerations govern the determination of when post-conviction proceedings should

be deemed to have been "commenced" under section 122—1 of the Act.

The State also argues that, under Supreme Court Rule 12, defendant's petition was not filed until January 2, 1992. Rule 12(c) states that service by mail is complete four days after mailing. (134 Ill. 2d R. 12(c).) The committee comments to Rule 12 state that subsection (c) was added to establish, when service is made by mail, a definite starting point for measuring the time periods that begin to run on the date of service. (134 Ill. 2d R. 12, Committee Comments, at 8-9.) For example, Rule 213(c) states that a party must serve answers and objections to interrogatories within 28 days of the date that the interrogatories were served upon him. (134 Ill. 2d R. 213(c).) This rule applies, therefore, only when the date of service is relevant to the determination of when a particular time period commences. Because the issue here is when post-conviction proceedings are deemed commenced, Rule 12 has no application to this case.

Finally, the State claims that, by following *Johnson* we would encourage and provide an opportunity for the falsification of certificates and affidavits. Where, as here, the petitioner is incarcerated and must rely on the incarcerating institution's notary public to verify his documents, the risk of fraud is slight. In any event, this concern is present in any context in which the date of mailing determines the filing date of a document. Courts have not considered this problem to be a sufficient justification for rejecting the "date-of-mailing" rule, and neither do we. See *Pagel*, 197 Ill. App. 3d at 308; *In re Marriage of Morse* (1986), 143 Ill. App. 3d 849, 852.

The verified proof of service and affidavit that were attached to defendant's petition demonstrate that he mailed the petition on December 30, 1991. Because the 10-year limitations period for filing post-conviction petitions was in effect on that date and because defendant filed his petition within 10 years of the date of his conviction, the trial court erred in dismissing the petition as untimely.

■ In light of our disposition of this issue, we need not address the propriety of the trial court's requiring defendant to proceed *pro se* at the hearing on the State's motion to dismiss. We note, however, that, on remand, defendant will be entitled to have counsel appointed for him. The trial court apparently acted under the misconception that it did not need to appoint counsel for defendant unless and until it denied the State's motion to dismiss.

The Act clearly states, however, that, if the petitioner requests the appointment of counsel and the trial court does not summarily dismiss the petition within the time prescribed by section 122—2.1(a) (see Ill. Rev. Stat. 1991, ch. 38, par. 122—2.1(a) (now codified, as

amended, at 725 ILCS 5/122—2.1(a) (West 1992))), then "the court shall appoint counsel if satisfied that the petitioner has no means to procure counsel." (Ill. Rev. Stat. 1991, ch. 38, par. 122—4 (now 725 ILCS 5/122—4 (West 1992)).) Because the trial court never determined, within the time prescribed, whether to dismiss summarily the petition pursuant to section 122—2.1(a)(2), it was without the power to do so at the original hearing, and it may not do so on remand. (*People v. Porter* (1988), 122 Ill. 2d 64, 86.) Instead, the court must proceed in accordance with sections 122—4 through 122—6 of the Act. (Ill. Rev. Stat. 1991, ch. 38, par. 122—2.1(b) (now 725 ILCS 5/122—2.1(b) (West 1992)).) Section 122—4 provides for the appointment of counsel at this stage of the proceedings.

Based on the foregoing analysis, we reverse the judgment of the circuit court of Lee County and remand the cause for further proceedings.

Reversed and remanded.

INGLIS, P.J., and QUETSCH, J., concur.