THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JIMMY L. EASLEY, Defendant-Appellant.

Fourth District   No. 4—89—0652

Opinion filed June 27, 1990.

Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles Colburn, State's Attorney, of Jacksonville (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

On May 16, 1989, defendant Jimmy L. Easley pleaded guilty in the circuit court of Morgan County to a charge of criminal sexual assault. (Ill. Rev. Stat. 1987, ch. 38, par. 12—13(a)(3).) On May 16, 1989, that court sentenced defendant to a term of eight years' imprisonment. The court then admonished defendant that "if [he wished] to appeal to a higher court [his] conviction and the sentence," he must, within the next 30 days, file a motion to withdraw the guilty plea in the circuit court. The court also admonished the defendant that, if the motion was denied, he could appeal within 30 days of the denial and would be limited on appeal to the grounds set forth in his motion. On June 20, 1989, more than 30 days after entry of the sentence, the circuit clerk of Morgan County received and file stamped defendant's *pro se* motion for a reduction of sentence and other documents not pertinent here.

On June 20, 1989, the circuit court entered an order striking defendant's motion for reduction, ruling it was untimely because it was not filed within 30 days of the sentencing. On July 3, 1989, the circuit court received a letter from defendant indicating he had an excuse for not filing his motion for sentence reduction, which he called an "appeal," earlier. The court took this document as a motion to reconsider its striking of the motion for sentence reduction. The court heard that matter on August 1, 1989, and entered an order denying the motion on that date.

On August 21, 1989, defendant filed the notice of appeal which brings the matter before this court. On appeal, defendant raises questions as to both the propriety of the dismissal of his motion for sentence reduction and for errors claimed to have occurred at sentencing. Defendant's request has a dual aspect. If the court merely erred in not granting a hearing on the motion to reduce sentence, the defendant would only be entitled to a hearing in regard to whether the court would reduce the sentence. This decision would be one for

which the court would have wide discretion. If sufficient error occurred at sentencing, though, defendant would be entitled to a new sentencing hearing. For reasons which we will explain, we vacate the order dismissing the motion to reduce the sentence and remand to the circuit court with certain directions.

We consider first the ruling of the court in regard to defendant's motion to reduce sentence. Prior to the decision in *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218, the practice existed when attacking a sentence imposed after a plea of guilty of making a motion to withdraw the plea pursuant to Supreme Court Rule 604(d) (107 Ill. 2d 604(d)), even though the defendant did not seek to have the conviction entered on the plea set aside. The decision in *Wilk* made clear no motion to withdraw such a plea is required and, at the most, only a timely motion directed against the sentence is required. (Compare *People v. Kennedy* (1989), 188 Ill. App. 3d 1, 543 N.E.2d 617; *People v. Carroll* (1990), 195 Ill. App. 3d 445, 552 N.E.2d 361.) If defendant's motion to reduce his sentence was timely here, he did not waive error arising from his sentencing.

The record shows defendant's motion attacking his sentence was dated and sworn to on June 14, 1989. A proof of service verified by defendant states defendant deposited the motion in the United States mail at the correctional center where he was incarcerated on June 14, 1989. No envelope purporting to have contained the motion is incorporated in the record, but a Department of Corrections mailing voucher indicates defendant signed the voucher on June 15, 1989, directing that an unspecified amount be charged to his account for "legal mailing" which was required to go out. Accompanying the voucher was a verified letter from defendant to the trial judge stating that on June 15, 1989, defendant put an envelope containing the motion in a mailbag provided for his unit but that mail did not go out until June 19, 1989.

This court recently decided *People v. Pagel* (1990), 197 Ill. App. 3d 305, which is analogous to the instant case. In *Pagel*, a verification and proof of service indicated the defendant there had deposited a copy of his motion to withdraw his guilty plea in the United States mail on the 30th day after sentencing, but the envelope containing his motion was postmarked one day later. This court concluded the proof of service date controlled and that defendant's motion was timely filed. Here, the record clearly shows defendant filed his motion for reduction of sentence pursuant to the court's admonishment he needed to file a motion within 30 days to perfect his right to appeal.

■ Here, the proof of service date falls within the 30-day period. However, here, unlike in *Pagel*, defendant's own admission in his letter to the judge shows the motion was not placed in any mail system until June 15, 1989, and the motion was not actually mailed until June 19, 1989. However, under the circumstances, the record indicates defendant had no control over what happened to the motion after it was placed in the prison mail system on June 15, 1989, the 30th day after sentencing. Due process requires that a prisoner who places a motion in the prison mail system should be placed in the same position as one who places a document in United States mail. Under *Pagel*, which was decided after the decision of the circuit court here, defendant's motion for reduction of sentence was timely.

■ Another procedural problem confronts us even after deciding the motion for reduction of sentence was timely. More than 30 days elapsed after the ruling on June 20, 1989, striking the motion for reduction of sentence and the filing of notice of appeal on August 21, 1989. Section 5—8—1(c) of the Unified Code of Corrections (Code) provides for the filing of a notice to reduce sentence if filed within 30 days of the sentence, but also states that, if such a timely motion is filed, "a final judgment shall not be considered to have been entered" until the motion has been ruled upon. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(c).) Supreme Court Rule 606(b) provides that, except in death cases and as provided in Supreme Court Rule 604(d), notices of appeal must be filed within 30 days "after the entry of the final judgment appealed from or if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion." 107 Ill. 2d R. 606(b).

■ The entry of the sentence here clearly created a final judgment, and the motion to reduce the sentence was clearly a motion directed against that final judgment within the meaning of Supreme Court Rule 606(b). Under both Rule 606(b) and section 5—8—1(c) of the Code, the 30-day period for filing notice of appeal did not start to run until the ruling on the motion to reduce sentence. Defendant's apparent theory is that the filing of the motion to reconsider the striking of the motion to reduce sentence further tolled the running of the 30-day period of Rule 606(b) until that motion was ruled upon. In civil cases, motions to reconsider motions directed against final judgments do not serve to toll the time for filing notice of appeal under Supreme Court Rule 303(a)(2) (107 Ill. 2d R. 303(a)(2)). (*Sears v. Sears* (1981), 85 Ill. 2d 253, 422 N.E.2d 610.) In *People v. Scruggs* (1987), 161 Ill. App. 3d 468, 514 N.E.2d 807, the Second District Appellate Court held the same rule is applicable to criminal cases. We are unaware of

any provision authorizing such successive post-judgment motions. We agree with the second district decision in *Scruggs.*

The 30-day period of Supreme Court Rule 606(b) expired 30 days after the striking of defendant's motion to reduce sentence. Normally, this would require us to dismiss the appeal. However, Supreme Court Rule 606(c) (107 Ill. 2d R. 606(c)) sets forth a provision whereby, under certain circumstances, where a defendant fails to timely file notice of appeal within the 30-day period, leave to permit late notice of appeal may be permitted upon request filed within six months of the end of the 30-day period.

In *People v. Williams* (1974), 59 Ill. 2d 243, 320 N.E.2d 13, and *People v. Brown* (1973), 54 Ill. 2d 25, 294 N.E.2d 267, a defendant had not been advised of when a notice of appeal should be filed and intent to appeal had been shown within the six-month period. Under those circumstances, delayed appeals were permitted after the 30-day period even though no request for leave to file a late notice of appeal had been filed. In *Williams,* the late notice of appeal was filed more than eight months after the sentence. In *Brown,* the notice of appeal was filed 16 days after the expiration of the 30-day period. In both cases, the cases had been briefed and argued in the appellate court before they were dismissed for tardy filing of notice of appeal, with the supreme court reversing both dismissals.

As we have indicated, the record makes clear defendant intended all along to appeal his sentence. The motion to reduce defendant's sentence was summarily stricken. Then, upon receiving a letter from defendant, the court, extending every effort to defendant to be fair, treated the letter as a motion to reconsider the sentence. In the process, defendant was likely lulled into believing he did not have to file notice of appeal until the motion to reconsider was ruled upon. The court, when giving defendant Rule 604(d) admonitions, had told defendant that after a ruling was made on a motion to withdraw his plea, he had 30 days to appeal. However, the defendant received no admonishment as to when he needed to file notice of appeal when the court summarily dismissed defendant's motion to reduce sentence.

Under the unusual circumstances of this case and by analogy to *Williams* and *Brown,* we hold the notice of appeal here to be timely. As we have indicated, by analogy to *Pagel,* we have held the motion to reduce sentence was timely and should have been heard. If we should rule on the merits of that portion of defendant's appeal directed toward the propriety of the sentencing hearing and send the case back for a hearing on the reduction motion, defendant would be entitled to another appeal if dissatisfied with our ruling. Accordingly,

we choose not to decide those additional issues now and deem it best to obtain a ruling on the reduction motion before proceeding further with this appeal.

Accordingly, we vacate the circuit court order striking the motion to reduce sentence. We remand the case to the circuit court of Morgan County for the sole purpose of holding a hearing to rule on that pending motion. We direct the court to hear that matter as soon as reasonably possible and to certify its ruling to us.

Order vacated; cause remanded in part with directions.

SPITZ and STEIGMANN, JJ., concur.