THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ARTHUR L. JOHNSON, Defendant-Appellant.

Fourth District   No. 4—92—0149

Opinion filed July 30, 1992.

Daniel D. Yuhas and Arden J. Lang, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and James Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

On July 17, 1985, defendant Arthur Johnson was convicted of armed robbery following a jury trial in the circuit court of Champaign County. He was subsequently sentenced to a term of natural life imprisonment. This court affirmed in an order under Supreme Court Rule 23 (134 Ill. 2d R. 23). (*People v. Johnson* (1986), 144 Ill. App. 3d

1186 (unpublished order under Supreme Court Rule 23).) Defendant has filed a post-conviction petition which the circuit court summarily dismissed as untimely on January 10, 1992. Defendant has appealed.

■ Effective January 1, 1992, section 122—1 of the Post-Conviction Hearing Act (Act) was amended to state as follows:

"No proceedings under this Article shall be commenced more than *** 3 years from the date of conviction *** unless the petitioner alleges facts showing that the delay was not due to his culpable negligence." (Ill. Rev. Stat. 1991, ch. 38, par. 122—1.)

Previously, the time limit for filing such a petition was 10 years from conviction. (Ill. Rev. Stat. 1989, ch. 38, par. 122—1.) Such a shortening of a limitations period for commencing post-conviction proceedings applies retroactively to final judgments rendered before January 1, 1992. *People v. Bates* (1988), 124 Ill. 2d 81, 529 N.E.2d 227.

As defendant was convicted in 1985, the issue here is whether defendant's post-conviction petition was effectively filed before January 1, 1992, the effective date of the provision of section 122—1 of the Act which reduced the time limit for bringing post-conviction petitions to three years. The record on appeal shows that the petition bears a file mark of the circuit clerk indicating the petition was filed on January 6, 1992. However, also in the file is a document entitled "Certificate of Service," purportedly signed by defendant and stated to be made under penalty of perjury, in which he states that he served "attached documents" which would appear to include the petition, upon the circuit clerk of Champaign County by "placing the same in the institutional mail at the Menard Correctional Center this 31 [*sic*] day of Dec. 1991, to be processed as per procedure, and delivered to the addressee via United States Mail."

In *People v. Pagel* (1990), 197 Ill. App. 3d 305, 553 N.E.2d 1110, the question presented was whether a defendant had timely filed a post-trial motion to withdraw his guilty plea which was shown by affidavit to have been placed in the mail on the 30th day after sentencing, but which was not postmarked until the 31st day. This court noted the Illinois Supreme Court had held a notice of appeal placed in the mail on the 30th day of the 30-day period was timely filed. (*Harrisburg-Raleigh Airport Authority v. Department of Revenue* (1989), 126 Ill. 2d 326, 533 N.E.2d 1072.) Subsequently, in *People v. Easley* (1990), 199 Ill. App. 3d 179, 556 N.E.2d 802, this court held that a motion to reduce sentence which, as here, was placed in a prison mail system by an inmate who was the defendant was timely filed.

In *People v. Aldridge* (1991), 219 Ill. App. 3d 520, 580 N.E.2d 158, the First District Appellate Court approved the rule of *Pagel* in holding that the verified date of mailing of a motion to withdraw a plea of guilty shown on a proof of service controlled over the postmarked date. Later, in *People v. Mitchell* (1991), 221 Ill. App. 3d 979, 582 N.E.2d 1193, that court concluded that, in regard to the 30-day period of section 122—2.1 of the Act (see Ill. Rev. Stat. 1987, ch. 38, par. 122—2.1) during which the court may summarily dismiss a postconviction petition, the period does not begin until the petition is actually on file with the court.

■ The *Mitchell* court made clear that it was not abandoning its position in *Aldridge* in following *Pagel*. We see nothing in *Mitchell* which is inconsistent with our holding here. The time in which a court must act on a document is logically measured by the time in which that document is actually before the court. When a party has a deadline for filing a document, and filing by mail is permitted, the time of the mailing should logically control. When the party required to make the mailing is incarcerated, that individual cannot control the movement of the document after it is placed in the mailing system of the incarcerating institution.

■ The State cites decisions from other jurisdictions which hold that filing of a document cannot take place when the document is mailed. As we have indicated, the rule in this State is that is not necessarily so. The State maintains that the provision in section 122—1 of the Act which extends the three-year period for filing when a petitioner alleges facts showing that delay was not due to his "culpable negligence" gives defendants sufficient safeguards without applying *Pagel* and *Easley*. We recognize some logic to this theory but deem the better practice is to follow the *Pagel* and *Easley* rationale in regard to the time limits for filing post-conviction petitions as well as to time limits for filing post-trial motions and motions to withdraw pleas of guilty.

Accordingly, we reverse the order dismissing the petition and remand the cause to the circuit court of Champaign County for further proceedings.

Reversed and remanded.

STEIGMANN and LUND, JJ., concur.