Arthur L. JOHNSON, Petitioner,

v.

Roger D. COWAN, Warden,
Respondent.

No. 00–2171.

United States District Court,
C.D. Illinois,
Danville/Urbana Division.

June 21, 2002.

was properly limited in scope and purpose and was revealed only to proper parties.

Arthur L. Johnson, Menard, IL, Pro se.

Huma A. Khan, Chicago, IL, for Defendant.

## ORDER

McCUSKEY, District Judge.

Petitioner, Arthur L. Johnson, pursuant to the Illinois Habitual Criminal Act, 720 Ill. Comp. Stat. 5/33B–1 (2002), is serving a term of life imprisonment at the Menard Correctional Center after his third conviction of armed robbery in August 1985. On July 3, 2000 he filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (2002) (# 1) and a memorandum in support of the petition (# 6) challenging both his third conviction of armed robbery and the constitutionality of the Habitual Criminal Act.

Respondent Roger Cowan filed his answer (# 13) and supporting materials (Exh. A–Z) through the Illinois Attorney General arguing that petitioner's claims are procedurally defaulted or wholly without merit.

This court, after extensive review of the state court materials and the parties' briefs, finds that two of petitioner's claims are procedurally defaulted, and the third is unsuccessful on the merits. Therefore, for the reasons discussed below, the Petition for a writ of habeas corpus (# 1) is DENIED in its entirety.

Also before this court is a motion to amend the Petition for writ of habeas corpus (# 20), supplementing petitioner's claim of prosecutorial misconduct, which is GRANTED on its face.

## FACTS

Early Sunday morning, April 28, 1985, the Sea Merchant Restaurant in Urbana, Illinois was closed, though the manager and several employees remained there. When the back door was opened, two masked armed men entered, proceeded to restrain all of the employees they encountered with duct tape and ordered the manager to open the restaurant safe, from which they took about $8,000. At trial, petitioner was identified by one of the robbery victims and it was revealed that two separate fingerprint tests on duct tape recovered from the scene yielded three prints on two different pieces of tape that matched the petitioner's.

However, petitioner testified that he had handled duct tape a few days before when he helped a friend—and one-time suspect in the robbery—patch the upholstery in his car. Appointed counsel requested that the tape be reexamined for evidence of car-upholstery material, but was informed that the tape had been contaminated when it was initially examined for fingerprints and could not be reliably tested for car upholstery as requested. Counsel then moved to suppress the prints, arguing that petitioner's claim that he had handled duct tape which would have car-upholstery material on it a week before the robbery could not be verified. The court admitted the prints into evidence after a hearing despite defense counsel's objection.

The jury convicted petitioner of his third armed robbery and the court sentenced him on August 20, 1985, to life in prison under 720 Ill. Comp. Stat. 5/33B–1 (2002), Illinois' Habitual Criminal Act (hereinafter, the "Act").

He appealed the decision, contending: (1) he was not proven guilty beyond a reasonable doubt; (2) the trial court erred in its circumstantial evidence jury instruction; and (3) the Act violated various provisions of both the federal and Illinois constitutions. The Illinois Appellate Court, Fourth District, affirmed the conviction. *People v. Johnson*, No. 4–85–0573 (June 3, 1986) (unpublished order). Specifically, the court held that the constitutional challenges were waived because the arguments were not raised before the trial court, citing *People v. Amerman*, 50 Ill.2d 196, 279 N.E.2d 353 (1971). *Johnson*, No. 4–85–0573, slip op. at 9.

Petitioner then petitioned for leave to appeal to the Illinois Supreme Court, again contending: (1) the state had not proven him guilty beyond a reasonable doubt; (2) the trial court erred in its jury instructions; and (3) the Act was unconstitutional. In his petition for leave to appeal, petitioner did not argue the Act was unconstitutional on the grounds raised on appeal, but because it was passed in violation of the single subject rule of the Illinois legislature, protected by Article IV, Section 8(d) of the Illinois Constitution. The state, in its reply, argued that the claim had been waived, as it was not raised either at trial or on appeal and that it also could not succeed on the merits. The Illinois Supreme Court denied the petition.

Next, petitioner filed a *pro se* petition for post-conviction relief in the Champaign County Circuit Court which was denied as untimely. However, the Illinois Appellate Court, Fourth District, reversed. *People v. Johnson*, 232 Ill.App.3d 882, 174 Ill.Dec. 79, 598 N.E.2d 276 (1992). Petitioner was then appointed counsel and filed an amended petition for post-conviction relief alleging: (1) ineffective assistance of trial counsel on eleven different grounds, including failure to suppress the fingerprint

evidence; (2) prosecutorial misconduct surrounding the discovery of and testimony regarding the fingerprint evidence; (3) three trial court errors; and (4) ineffective assistance of appellate counsel for failing to raise the effectiveness of trial counsel and failing to preserve the single subject rule challenge to the Act. This petition was denied, as was a motion to reconsider.

Petitioner appealed, contending that the trial court erred because the ineffective assistance of both trial counsel for failing to move to suppress the fingerprint evidence on proper grounds and appellate counsel for failing to raise trial counsel's effectiveness prejudiced the outcome of the case. The Illinois Appellate Court, Fourth District, again affirmed petitioner's conviction. *People v. Johnson,* 276 Ill.App.3d 1144, 231 Ill.Dec. 744, 697 N.E.2d 25 (1995) (unpublished order). The court stated:

> [T]he reasoning behind the motion to suppress appears to be a question of trial strategy and would fall within the wide range of professionally competent assistance. [*Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ] ... Moreover, even if the latter two prints had been suppressed, a rational juror, considering the remaining evidence in the light most favorable to the state, would likely have found defendant guilty beyond a reasonable doubt.

*Johnson,* No. 4–94–0101, slip op. at 5–6. Petitioner again filed a petition for leave to appeal to the Illinois Supreme Court, realleging his claims of ineffective trial and appellate counsel and that the Appellate Court misunderstood his argument and applied a more deferential standard of review than necessary. The petition was again denied, as was petitioner's subsequent *pro se* petition for a writ of certiorari to the United States Supreme Court.

In February 1997, petitioner filed a second *pro se* petition for post-conviction relief again asserting that both trial and appellate counsel were ineffective and that there had been prosecutorial misconduct. Since the petition was untimely and he failed to show cause, the circuit court denied his petition. Petitioner again appealed, but counsel filed a motion to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The Illinois Appellate Court, Fourth District, granted the motion and agreed that "no justiciable issues [were] presented for review and that the appeal [was] without merit," as the petition was filed years after the statute of limitations had run and there was no evidence that the delay was not due to petitioner's culpable negligence. *People v. Johnson,* 299 Ill.App.3d 1138, 251 Ill.Dec. 273, 740 N.E.2d 103 (1998) (unpublished order).

Petitioner again filed a *pro se* petition for leave to appeal before the Illinois Supreme Court, arguing that (1) the *Anders* motion should have been denied and (2) the delay in filing the second post-conviction petition was not due to his culpable negligence. This petition was also denied.

## ANALYSIS

The case now comes before this court on a motion for writ of habeas corpus filed by petitioner *pro se* on July 3, 2000. Since the petition was filed after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996, its strict standards govern review of this case. *Todd v. Schomig,* 283 F.3d 842, 848 (7th Cir.2002), *petition for cert. filed,* (No. 01–1250) (May 22, 2002) (citing *Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997)). Petitioner raises three claims in his petition: (1) that the Act violates the *ex post facto,* double jeopardy and due process clauses of the United States Constitution and the separation of powers clause, single subject rule for legislation and Article I, section 11 of the Illi-

nois Constitution; (2) that prosecutorial misconduct occurred at his trial because the prosecutor knowingly used false evidence; and (3) ineffective assistance of appellate counsel for failing to raise the effectiveness of trial counsel who failed to move to suppress fingerprint evidence on proper grounds. This court finds that the first two issues are procedurally defaulted while the third is denied on the merits.

## I. PROCEDURAL DEFAULT

Before the merits of a habeas petition can be reached, it must be shown that the petitioner has given the state courts a full and fair opportunity to evaluate the claims presented. *Momient–El v. DeTella,* 118 F.3d 535, 538 (7th Cir.1997), *cert. denied,* 522 U.S. 984, 118 S.Ct. 448, 139 L.Ed.2d 384 (1997). If state remedies have not been exhausted or claims have been procedurally defaulted in state court, federal courts are barred from reaching the merits of a habeas petition. *Schaff v. Snyder,* 190 F.3d 513, 521 (7th Cir.1999). *See also Coleman v. Thompson,* 501 U.S. 722, 729–30, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (federal habeas courts are barred from reviewing claims that were deemed procedurally defaulted by state courts). Both the claim challenging the constitutionality of the Act and the claim of prosecutorial misconduct are procedurally defaulted for failing to meet this standard.

Exhaustion requires that discretionary appeal must be sought up to the state's highest court either on direct appeal and/or on post-conviction relief in order for claims to be preserved for habeas review. *White v. Godinez,* 192 F.3d 607, 608 (7th Cir.1999), *cert. denied,* 528 U.S. 1127, 120 S.Ct. 1004, 145 L.Ed.2d 833 (2000). *See also O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) (Habeas petitioners must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

Petitioner's first claim involving the constitutionality of the Act is barred on these grounds. Five of the six asserted constitutional claims have been raised by petitioner before in his appellate process, but none of the claims have been through "one complete round" of the appellate process, as required. The due process, eighth amendment, Illinois separation of powers and Illinois Article I, Section 11 challenges were raised only on direct appeal. The single subject rule claim was only raised in petitioner's initial petition for leave to appeal before the Illinois Supreme Court, but not on direct appeal. The sixth claim, under *ex post facto,* was raised for the first time in his habeas petition. Thus, these claims are procedurally defaulted and this court is barred from reviewing them.[1]

1. The court notes, as does the respondent's brief, that the constitutional arguments raised on direct appeal were deemed waived by the Appellate Court. *Johnson,* No. 4–85–0573, slip op. at 9. When a state court determines a claim is procedurally defaulted on independent and adequate state grounds, like waiver, a federal habeas court is not at liberty to question that ruling. *Snyder,* 190 F.3d at 524. *See also Coleman,* 501 U.S. at 729–30, 111 S.Ct. 2546. We are doubly precluded from examining this issue on the merits. Further, petitioner correctly asserts that the Illinois Supreme Court has relaxed the waiver rule in cases where waiver results from incompetence of appellate counsel. *People v. Whitehead,* 169 Ill.2d 355, 215 Ill.Dec. 164, 662 N.E.2d 1304, 1311 (1996), *cert denied,* 519 U.S. 1030, 117 S.Ct. 587, 136 L.Ed.2d 517; *Lemons v. O'Sullivan,* 54 F.3d 357, 360 n. 2 (7th Cir.1995), *cert denied,* 516 U.S. 993, 116 S.Ct. 528, 133 L.Ed.2d 434 (1995). Even if *Whitehead* was deemed applicable here, the constitutionality of the Act in Illinois is well settled. *See People v. Smith,* 274 Ill.App.3d 84, 210 Ill.Dec. 749, 653 N.E.2d 944, 951 (1995) (citing sixteen cases that upheld the constitutionality of the Act).

■ Similarly, Johnson's claim of prosecutorial misconduct was raised in his initial petition for post-conviction relief, his amended petition for post-conviction relief, and his second petition for post-conviction relief but not on appeal from the denial of any of them or in his petition for leave to appeal before the Illinois Supreme Court on his second petition. Again, this claim did not go through one full round of the Illinois appellate process and it is procedurally defaulted.

■ Procedural default may be excused either for cause and prejudice or if it will result in a fundamental miscarriage of justice.[2] *Todd,* 283 F.3d at 848–49 (citing *Coleman,* 501 U.S. at 750, 111 S.Ct. 2546; *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)). Petitioner's reply to respondent's answer cites defense counsel's failure to heed his reminders and suggestions for issues to brief on appeal as cause for his procedural default on both issues. When a petitioner blames defense counsel for procedural default, the claim is treated as one of ineffective assistance of appellate counsel. *Schaff,* 190 F.3d at 526. *See also Franklin v. Gilmore,* 188 F.3d 877, 884 (7th Cir. 1999), *cert. denied,* 529 U.S. 1039, 120 S.Ct. 1535, 146 L.Ed.2d 349 (2000) ("Attorney error that constitutes ineffective assistance of counsel is cause to set aside a procedural default.") (*citing Coleman,* 501 U.S. at 753–54, 111 S.Ct. 2546).

■ However, the court finds this position unpersuasive. First, the procedural default on the majority of the claims assailing the constitutionality of the Act occurred when the claims were not presented to the Illinois Supreme Court in petitioner's *pro se* petition for leave to appeal. Petitioner had full control of the

issues to brief at that time, not counsel. Furthermore, the remaining claims, the single subject rule and *ex post facto* claims, could not, given the strength of the Act in Illinois courts (*see* note 1) have resulted in enough prejudice to qualify for the exception to procedural default. *See Lemons v. O'Sullivan,* 54 F.3d 357, 362 (7th Cir.1995), *cert denied,* 516 U.S. 993, 116 S.Ct. 528, 133 L.Ed.2d 434 (1995) (petitioner must show not possibility of prejudice, but actual prejudice which worked to his disadvantage and infected his trial with constitutional errors).

■ As for prosecutorial misconduct, even if cause was assumed, that it was unreasonable for appellate counsel to fail to brief prosecutorial misconduct, petitioner again cannot establish sufficient prejudice to excuse procedural default. Petitioner alleges that the misconduct consisted of the knowing use of false testimony which sowed confusion regarding the timing and method of procurement of the fingerprint evidence used against him in this case.

Two examinations of the duct tape found at the scene were made by the state's fingerprint expert about a month apart. The first test yielded one complete and two partial prints. The complete print was matched to petitioner's. A month later, a second test yielded two more complete prints which were matched to Johnson's left and right thumbs on a new, updated fingerprint card brought to the lab by police when the fingerprint expert requested cards with palm prints. During testimony at the motion to suppress the prints, a police officer implied that the original complete print and two partial prints found in the first test were the three matched to petitioner when they were actually found by two different tests.

2. Petitioner does not try to establish the fundamental miscarriage of justice exception, so    it will not be discussed further.

Petitioner offers no other evidence other than the foregoing to support his claim. There is not even evidence that the prosecution elicited the testimony related. The excerpt from the transcript includes only the police officer and the court.

In order for a claim of prosecutorial misconduct to be successful, the petitioner must show that the prosecutor knowingly used false testimony. *Schaff,* 190 F.3d at 530. In addition, the testimony used must bear a direct relationship to the defendant's guilt or innocence. *Shasteen v. Saver,* 252 F.3d 929, 933 (7th Cir.2001). First, there is no evidence that the prosecution used the testimony knowingly. The inconsistency is so slight it likely went unnoticed. What is more, Johnson took the stand in the evidentiary hearing to clarify what his problem with the fingerprint evidence was. His brief contains another excerpt from the transcript to that effect. Petitioner stressed that there were two tests and two separate identifications of his prints on the tape, so this error could not have been the controlling factor in allowing the prints into evidence. Since "[m]ere inconsistencies in testimony by government witnesses do not establish the government's knowing use of false testimony" (*United States v. Verser,* 916 F.2d 1268, 1271 (7th Cir.1990)), and there is no evidence that the inconsistency was not resolved or that prejudice to petitioner resulted, this court will not address whether appellate counsel should have briefed this issue.

As such, petitioner's claims attacking the constitutionality of the Act and prosecutorial misconduct are procedurally defaulted, and he has not shown adequate cause and prejudice to excuse that default.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

This court finds that petitioner's claim of ineffective assistance of appellate counsel

was properly brought for the first time in his petition for post conviction relief. *See Lemons,* 54 F.3d at 360 n. 2. It was again brought in his amended post conviction petition, then brought on appeal and finally in his petition for leave to appeal to the Illinois Supreme Court. This claim will be examined on the merits because the state courts were given a full and fair opportunity to evaluate the claims presented.

A writ of habeas corpus may be granted on the merits only if the state court decision (1) was contrary to or unreasonably applied clearly established federal law as determined by the Supreme Court of the United States or (2) was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1), (2). *See also Todd,* 283 F.3d at 848; *Williams v. Taylor,* 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Petitioner does not dispute the state courts' determination of the facts, so only the former provision, § 2254(d)(1), will be discussed. *Schaff,* 190 F.3d at 521 (7th Cir.1999).

The governing Supreme Court test for the ineffectiveness of counsel is found in *Strickland v. Washington,* 466 U.S. 668, 687–90, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and has two prongs: (1) counsel's performance must have fallen below an objective standard of reasonableness and (2) as a result of that deficient performance, the petitioner must have suffered prejudice. Claims that fail under either prong fail in their entirety. *Todd,* 283 F.3d at 850. *See also Williams,* 529 U.S. at 390–91, 120 S.Ct. 1495 ("It is past question that the rule set forth in *Strickland* qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States'" and required by § 2254(d)(1).); *Todd,* 283 F.3d at 850. Further, courts are to apply a highly deferential standard to the exercise of profes-

sional judgment of counsel. *Todd,* 283 F.3d at 850.

The Appellate Court addressed petitioner's claim of ineffective assistance of appellate counsel for failure to raise trial counsel's ineffectiveness on the merits under the framework of *Strickland. Johnson,* No. 4–94–0101, slip op. at 5–6. Accordingly, this court will respect its conclusion unless unreasonable. "*Strickland* builds in an element of deference to counsel's choices in conducting the litigation; § 2254(d)(1) adds a layer of respect for a state court's application of the legal standard.... [O]nly a clear error in applying *Strickland's* standard would support a writ of habeas corpus." *Holman v. Gilmore,* 126 F.3d 876, 881–82 (7th Cir.1997), *cert. denied,* 522 U.S. 1150, 118 S.Ct. 1169, 140 L.Ed.2d 179 (1998).

■ Petitioner contends that his appellate counsel was ineffective for failing to raise trial counsel's deficient performance because "suspicious circumstances surrounding the fingerprint examiner's finding of the last two of the three latent fingerprints identified as [petitioner's] should have given rise to a successful motion to suppress these two prints." Petitioner contends that trial counsel should have moved for suppression not on the grounds that the tape was contaminated, but rather that the tester or the test was faulty. The court reads petitioner's argument as follows: only one print was found the first time the tape was examined, not three. The remaining two were found only after additional examination of the tape. The first test, if done by a competent expert, should have uncovered all three prints, if they were there. This omission by trial counsel was not viable strategy because suppressing the two prints would have been consistent with petitioner's contention that he had handled duct tape belonging to one of the other robbery suspects about a week before and

one print of his on the tape at the scene would be explained by that fact. Petitioner then argues further that failure of appellate counsel to raise this issue on appeal was objectively unreasonable. As mentioned before, the trial court held a hearing on the motion to suppress at which petitioner took the stand and made the argument related above. By no means was this position not before the trial court prior to its ruling on the motion to suppress.

The Appellate Court addressed this issue on appeal from denial of petitioner's petition for post-conviction relief, and carefully applied the *Strickland* standard. As for the performance of trial counsel, the court held that the "reasoning behind the motion to suppress appears to be a question of trial strategy and would fall within the wide range of professionally competent assistance." *Johnson,* No. 4–94–0101, slip op. at 5. Though there is some evidence that the court—as petitioner's counsel contended in his subsequent petition for leave to appeal before the Illinois Supreme Court—misapprehended petitioner's argument, it is the holding of the court on the second, prejudice prong which truly disposes of this claim. It held that "even if the latter two prints had been suppressed, a rational juror, considering the remaining evidence in the light most favorable to the state, would likely have found defendant guilty beyond a reasonable doubt." *Johnson,* No. 4–94–0101, slip op. at 6. Regardless of the rationale behind the motion to suppress, the Appellate Court did not find adequate prejudice to support a successful ineffective assistance of counsel argument. Since trial counsel's performance did not satisfy the *Strickland* standard, then neither does appellate counsel's for failure to raise it. Appellate counsel's performance cannot be deficient unless "there is a reasonable probability that raising the issue would have made a difference in the out-

come of the appeal." *Howard v. Gramley,* 225 F.3d 784, 790 (7th Cir.2000). Since the Appellate Court found that this issue would not have changed the outcome of the trial, failure to raise it did not change the outcome of appeal either. *Johnson,* No. 4–94–0101, slip op. at 6.

There is no clear error in the Appellate Court's evaluation of the effectiveness of petitioner's counsel, "reasonable judges could find its analysis persuasive" (*Holman,* 126 F.3d at 882) and this court finds no need to disturb it. Even if this court did conclude that petitioner's "counsel was not perfect, [and] with the benefit of hindsight, it is easy to indulge the temptation to question his decisions during trial" (*Todd,* 283 F.3d at 850), petitioner did not suffer prejudice at the hands of counsel that would have changed the outcome of the trial. *Williams,* 529 U.S. at 391, 120 S.Ct. 1495. Petitioner's last ground for relief, ineffective assistance of appellate counsel, is hereby denied on the merits.

### CONCLUSION

Petitioner brought a motion for a writ of habeas corpus on three grounds. His claim of prosecutorial misconduct and assertion that the Act is unconstitutional are both procedurally defaulted for failure to give the Illinois state courts a full and fair opportunity to evaluate the claims. His claim of ineffective assistance of appellate counsel for failure to raise trial counsel's ineffectiveness is denied on the merits.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's motion to amend the Petition for writ of habeas corpus (# 20) is GRANTED.

(2) The amended Petition for writ of habeas corpus (# 1) is DENIED in its entirety.

The clerk is directed to enter judgment in favor of Respondent and against Petitioner.