960 N.E.2d 595 (2011)
355 Ill. Dec. 713
The PEOPLE of the State of Illinois, Plaintiff-Appellee,
v.
Aaron C. SMITH, Defendant-Appellant.
No. 4-10-0430.
Appellate Court of Illinois, Fourth District.
October 11, 2011.
Rehearing Denied November 7, 2011.
*596 Michael J. Pelletier, State Appellate Defender, Karen Munoz, Deputy Defender, Susan M. Wilham, Asst. Appellate Defender, Office of State Appellate Defender, for Aaron C. Smith.
Julia Rietz, Champaign County State's Attorney, Patrick Delfino, Director, Robert J. Biderman, Dep. Director (Thomas R. Dodegge, of counsel), State's Attorneys Appellate Prosecutor, for the People.

OPINION
Justice TURNER delivered the judgment of the court, with opinion.
¶ 1 In February 2009, the State charged defendant, Aaron C. Smith, with aggravated driving under the influence of alcohol (625 ILCS 5/11-501(a)(1), (d)(2)(E) (West *597 2008)). After a June 2009 stipulated bench trial, the Champaign County circuit court found defendant guilty. At a July 2009 hearing, the court sentenced defendant to 25 years' imprisonment. Defendant filed a pro se motion to reduce his sentence. In October 2009, defendant's counsel filed a motion for a new trial or alternatively to reduce the sentence. In May 2010, the court denied defendant's postjudgment motion.
¶ 2 Defendant appeals, asserting his stipulated bench trial was involuntary because he relied upon his counsel's incorrect advice regarding the sentencing range for the charged offense. We vacate the trial court's order denying defendant's postjudgment motion and dismiss defendant's appeal for lack of jurisdiction. Additionally, since we lack jurisdiction of this appeal, we deny defendant's August 15, 2011, motion to withdraw his brief and rebrief the case.
¶ 3 I. BACKGROUND
¶ 4 The State's February 2009 charge stemmed from defendant's actions on January 2, 2009. The charge asserted defendant had previously violated section 11-501(a) of the Illinois Vehicle Code (625 ILCS 5/11-501(a)(1) (West 2008)) six or more times, making this violation a Class X felony. See 625 ILCS 5/11-501(d)(2)(E) (West 2008). In April 2009, defendant filed a bill of particulars, seeking evidence of his prior convictions for driving under the influence. After a May 2009 hearing, the trial court denied defendant's request.
¶ 5 On June 29, 2009, the trial court held a stipulated bench trial. Defendant did not dispute the sufficiency of the State's evidence of his guilt. He only disputed the sentencing matter regarding the number of his prior driving-under-the-influence convictions. Before accepting defendant's waiver of his right to a jury trial, the court admonished defendant about the nature of the charge against him, the minimum and maximum sentences, and the right to a jury trial. The court also questioned defendant to ensure his waiver was voluntary. After accepting defendant's jury-trial waiver, the court admonished defendant about the rights he was giving up by stipulating to the State's evidence was sufficient for the court to find him guilty. Defendant indicated he understood the rights he was giving up. After considering the parties' stipulated evidence, the court found defendant guilty of driving under the influence.
¶ 6 On July 31, 2009, the trial court held defendant's sentencing hearing. Defendant argued the State's evidence was only sufficient to show he had three prior convictions for driving under the influence. The court disagreed with defendant's argument and sentenced him as a Class X felon to 25 years' imprisonment.
¶ 7 On August 11, 2009, defendant filed a notice of appeal, which this court docketed as case No. 4-09-0599. On September 2, 2009, the circuit court clerk's office file-stamped defendant's pro se motion for the reduction of his sentence. Along with the motion, defendant filed (1) an application to sue or defend as a poor person; (2) an "affidavit of service" that indicated he had mailed the motion on August 28, 2009; (3) an "affidavit" declaring the statements contained in the motion are true; (4) a notice of the motion; (5) "proof/certificate of service" that was signed August 24, 2009; and (6) a proposed order on the motion. On September 8, 2009, the trial court appointed counsel to represent defendant on his motion for the reduction of his sentence. On September 10, 2009, this court granted defendant leave to file a late notice of appeal, which was filed in the trial court on September 11, 2009. On October 15, 2009, defendant filed a motion *598 to dismiss his appeal in case No. 4-09-0599, which we granted on October 22, 2009. People v. Smith, No. 4-09-0599 (Oct. 22, 2009) (dismissal on defendant appellant's motion).
¶ 8 On October 23, 2009, defense counsel filed a motion for a new trial or alternatively to reduce the sentence. As to the new-trial portion of the motion, defendant asserted he was denied effective assistance of counsel based on counsel's erroneous advice the State could only prove three of his prior convictions, which would yield only a Class 2 felony with a possibility of probation and sentencing range of three to seven years' imprisonment. See 625 ILCS 5/11-501(d)(2)(c) (West 2008). On December 18, 2009, the trial court held a hearing on defendant's postjudgment motion. At the beginning of the hearing, the court sua sponte addressed its jurisdiction. The court found defendant's pro se motion for the reduction of his sentence was timely filed based on his "affidavit of service" that indicated he placed the document in a box designated for United States mail at the Lawrence Correctional Center on August 28, 2009. Defendant testified in support of his motion, and the State did not present any evidence. After hearing the parties' arguments, the court took the matter under advisement.
¶ 9 On Saturday, May 29, 2010, the trial court entered a memorandum of opinion and order, denying defendant's postjudgment motion. On June 9, 2010, defendant filed a notice of appeal from the denial of his postjudgment motion in sufficient compliance with Illinois Supreme Court Rule 606 (eff.Mar.20, 2009). We note defendant's amended notice of appeal that he moved for filing on August 12, 2010, was untimely under Illinois Supreme Court Rule 606(d) and Illinois Supreme Court Rules 303(b)(5) and (d) (eff. May 30, 2008), even with treating the court's order as being filed on Tuesday, June 1, 2010 (the first day in which the courthouse was open after the Saturday on which the order was dated and file-stamped). Since our jurisdiction of this appeal has been challenged, we address that matter in our analysis section.
¶ 10 II. ANALYSIS
¶ 11 The State asserts the trial court lacked jurisdiction to address defendant's postjudgment motion because it was untimely and thus this court must dismiss defendant's appeal for lack of jurisdiction. Since a reviewing court must first ascertain its jurisdiction before analyzing the merits of the appeal (see Secura Insurance Co. v. Illinois Farmers Insurance Co., 232 Ill.2d 209, 213, 327 Ill.Dec. 541, 902 N.E.2d 662, 664 (2009)), we first address the State's jurisdictional argument.
¶ 12 Both parties assert defendant's stipulated bench trial was tantamount to a guilty plea. Our supreme court has stated that, "when a defendant in a stipulated bench trial stipulates not only to the evidence, but also to the sufficiency of the evidence to convict, the proceeding is tantamount to a guilty plea." People v. Bellmyer, 199 Ill.2d 529, 538-39, 264 Ill.Dec. 687, 771 N.E.2d 391, 397-98 (2002). In this case, the only issue defendant contested in the trial court was the number of his prior convictions, which was a sentencing matter. See People v. Thompson, 328 Ill.App.3d 360, 365, 262 Ill.Dec. 601, 765 N.E.2d 1209, 1213 (2002) (noting the defendant's prior convictions were not elements of the crime of driving under the influence but, rather, were factors in aggravation that the State had to prove at sentencing). Accordingly, we agree with the parties that defendant's stipulated bench trial was tantamount to a guilty plea.
¶ 13 When a stipulated bench trial is tantamount to a guilty plea, the supreme *599 court rules pertaining to guilty pleas apply. People v. Thompson, 404 Ill.App.3d 265, 270, 344 Ill.Dec. 53, 936 N.E.2d 195, 199 (2010). With guilty pleas, Illinois Supreme Court Rule 604(d) (eff. July 1, 2006) requires a defendant to file a motion to reconsider the sentence or a motion to withdraw the guilty plea within 30 days of the date on which sentence is imposed. Here, the trial court entered defendant's sentence on July 31, 2009, and thus, defendant had until Monday, August 31, 2009, to file a motion to reconsider his sentence. The circuit court clerk's office did not file-stamp defendant's pro se motion until September 2, 2009. However, defendant mailed his motion. A court will consider an incarcerated defendant's postplea motion timely filed if the defendant placed it in the prison mail system within the 30-day period, regardless of the date on which the clerk's office received or file-stamped it. People v. Tlatenchi, 391 Ill.App.3d 705, 710, 330 Ill.Dec. 485, 909 N.E.2d 198, 204 (2009).
¶ 14 In Tlatenchi, 391 Ill.App.3d at 713, 330 Ill.Dec. 485, 909 N.E.2d at 207, the First District concluded that, when a defendant relies upon the date of mailing as the date of filing for a postplea motion, proof of mailing must be as provided by Illinois Supreme Court Rule 12(b)(3) (eff. Nov.15, 1992). Rule 12(b)(3) provides the following:
"[I]n case of service by mail, by certificate of the attorney, or affidavit of a person other than the attorney, who deposited the paper in the mail, stating the time and place of mailing, the complete address which appeared on the envelope, and the fact that proper postage was prepaid[.]" Ill. S.Ct. R. 12(b)(3) (eff. Nov.15, 1992).
¶ 15 Recently, in dicta, the Second District criticized the application of Rule 12(b)(3)'s affidavit requirement to incarcerated prisoners in advocating the postmark date should also constitute proof of timely mailing. See People v. Hansen, 2011 IL App (2d) 081226, ¶ 15, 351 Ill.Dec. 709, 952 N.E.2d 82, 87. The Hansen court noted the following:
"An inmate can mail nothing himself; he is required to place outgoing mail in the hands of the staff at the institution in which he is incarcerated. [Citation.] The staff then forwards the mail to the United States Postal Service. We cannot conclude that our supreme court intended that the Illinois Department of Corrections staff must execute an affidavit pursuant to Rule 12(b)(3) for every legal filing by a pro se inmate, nor can we conclude that a defendant must depend on a third party other than the post office to timely deal with the delivery of his mail. We believe that refusing to allow other evidence of mailing is unreasonable when Rule 12(b)(3) makes it virtually impossible for a pro se defendant to comply with the rule. We cannot conclude that Rule 12(b)(3) was intended to impose such a harsh outcome upon individuals who have the mail as their only practical means of communicating with the court system." Hansen, 2011 IL App (2d) 081226, ¶ 15, 351 Ill.Dec. 709, 952 N.E.2d at 87.
One of the judges in Hansen dissented, citing, inter alia, Tlatenchi and the Second District's prior decision in People v. Lugo, 391 Ill.App.3d 995, 331 Ill.Dec. 358, 910 N.E.2d 767 (2009). Hansen, 2011 IL App (2d) 081226, ¶¶ 26, 28, 351 Ill.Dec. 709, 952 N.E.2d at 89 (Jorgensen, J., dissenting). In Lugo, 391 Ill.App.3d at 1002, 331 Ill.Dec. 358, 910 N.E.2d at 769, the Second District had held a postmark was not sufficient proof of mailing under Rule 12(b)(3).
¶ 16 We note the Hansen court overlooks the case law treating placement in the prison mail system the same as placement *600 with the United States Postal Service. See Tlatenchi, 391 Ill.App.3d at 710, 330 Ill.Dec. 485, 909 N.E.2d at 204; People v. Saunders, 261 Ill.App.3d 700, 704-05, 199 Ill.Dec. 349, 633 N.E.2d 1340, 1342-43 (1994); People v. Johnson, 232 Ill.App.3d 882, 883-84, 174 Ill.Dec. 79, 598 N.E.2d 276, 277 (1992); People v. Easley, 199 Ill.App.3d 179, 183, 145 Ill.Dec. 184, 556 N.E.2d 802, 804 (1990). The rationale for finding the date of placing the document in the prison mail system as the date of filing was because the only mailing option for an incarcerated defendant generally was to deposit it in the prison mail system. Saunders, 261 Ill.App.3d at 704, 199 Ill.Dec. 349, 633 N.E.2d at 1342. Moreover, an incarcerated "individual cannot control the movement of the document after it is placed in the mailing system of the incarcerating institution." Johnson, 232 Ill. App.3d at 884, 174 Ill.Dec. 79, 598 N.E.2d at 277. Also, since the use of the prison mail system to file a document can result in delays of several days before the circuit court clerk receives the document, it would be unfair to require an incarcerated defendant to assume the responsibility of accounting for such erratic delays. Saunders, 261 Ill.App.3d at 704, 199 Ill.Dec. 349, 633 N.E.2d at 1342. Thus, the hardship concerns raised in Hansen have been already addressed. Additionally, with the prison mail system, this court has accepted an affidavit stating the following: "`placing the same in the institutional mail at the Menard Correctional Center this 31 [sic] day of Dec. 1991, to be processed as per procedure, and delivered to the addressee via United States Mail.'" Johnson, 232 Ill.App.3d at 883, 174 Ill.Dec. 79, 598 N.E.2d at 277. Thus, Rule 12(b)(3) has already been liberally construed to accommodate incarcerated defendants, and thus we disagree it is virtually impossible for incarcerated defendants to comply with the rule.
¶ 17 Accordingly, we find no reason to depart from Tlatenchi's requirement that proof of mailing must comply with Rule 12(b)(3).
¶ 18 As noted, Rule 12(b)(3) provides the date of mailing is proved by an affidavit by the person, who deposited the paper in the mail (or the prison mail system for incarcerated defendants), and states "the time and place of mailing, the complete address which appeared on the envelope, and the fact that proper postage was prepaid." Ill. S.Ct. R. 12(b)(3) (eff. Nov.15, 1992). Our supreme court emphasized "an affidavit must be sworn to, and statements in a writing not sworn to before an authorized person cannot be considered affidavits." Roth v. Illinois Farmers Insurance Co., 202 Ill.2d 490, 494, 270 Ill.Dec. 18, 782 N.E.2d 212, 214 (2002). Moreover, the Tlatenchi court held the verification provided by section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109 (West 2006)) was not a substitute for the affidavit required by Rule 12(b)(3). Tlatenchi, 391 Ill.App.3d at 716, 330 Ill.Dec. 485, 909 N.E.2d at 209.
¶ 19 In this case, while defendant's affidavit of service and proof of service are verified, they are not notarized. Thus, those documents are insufficient to prove defendant's postjudgment motion was timely mailed. Because defendant failed to comply with Rule 12(b)(3)'s affidavit requirement, defendant's postjudgment motion is considered filed on September 2, 2009, the date on which the circuit court clerk's office file-stamped it, and thus it is untimely.
¶ 20 When, as in this case, more than 30 days have elapsed since the defendant's sentencing and the trial court has not extended the limitation period upon proper application of the defendant for good cause shown, the trial court is divested of jurisdiction to entertain a defendant's *601 postplea motion under Rule 604(d). People v. Flowers, 208 Ill.2d 291, 303, 280 Ill.Dec. 653, 802 N.E.2d 1174, 1181 (2003). Moreover, we note lack of subject-matter jurisdiction can neither be waived nor cured through the parties' consent. Flowers, 208 Ill.2d at 303, 280 Ill.Dec. 653, 802 N.E.2d at 1182. Since the 30-day period after sentencing had expired when defendant filed his pro se motion to reduce his sentence, the trial court lacked jurisdiction to consider it, and thus the court's judgment is void. See Flowers, 208 Ill.2d at 306, 280 Ill.Dec. 653, 802 N.E.2d at 1183 (noting a trial court's ruling made in the absence of subject-matter jurisdiction is void). "A void order does not cloak the appellate court with jurisdiction to consider the merits of an appeal." Flowers, 208 Ill.2d at 307, 280 Ill.Dec. 653, 802 N.E.2d at 1183. When the trial court lacks jurisdiction to entertain a Rule 604(d) motion, the appellate court must vacate the trial court's judgment on the motion and dismiss the defendant's appeal. Flowers, 208 Ill.2d at 307, 280 Ill.Dec. 653, 802 N.E.2d at 1184. Accordingly, we do so.
¶ 21 Last, we note defendant did originally file a notice of appeal within 30 days of his sentencing in accordance with Illinois Supreme Court Rule 606(b) (eff. Mar.20, 2009). However, this court dismissed that appeal at defendant's request. Even if defendant had not sought dismissal of that timely filed notice of appeal, this court would have dismissed that appeal for failure to comply with Rule 604(d)'s postplea-motion requirement. See Flowers, 208 Ill.2d at 301, 280 Ill.Dec. 653, 802 N.E.2d at 1180 (stating a reviewing court must dismiss a defendant's appeal when the defendant failed to file a Rule 604(d) motion).
¶ 22 III. CONCLUSION
¶ 23 For the reasons stated, we vacate the Champaign County circuit court's May 29, 2010, order, denying defendant's postjudgment motion and dismiss defendant's appeal for lack of jurisdiction. As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal.
¶ 24 Judgment vacated and appeal dismissed.
Justice POPE concurred in the judgment and opinion.
Justice COOK dissented, with opinion.
¶ 25 Justice COOK, dissenting:
¶ 26 The trial court entered defendant's sentence on July 31, 2009. On August 11, 2009, defendant filed a notice of appeal (No. 4-09-0599) without filing a motion to reconsider sentence, which is required before a guilty plea may be appealed. A stipulated bench trial, where there is a stipulation to the sufficiency of the evidence to convict, is considered a guilty plea. Once he realized all this, apparently, defendant filed the pro se motion to reconsider sentence, which is the subject of this appeal. The motion was required to be filed within 30 days, by August 31, 2009, under Illinois Supreme Court Rule 604(d) (eff. July 1, 2006). Along with the motion, defendant filed an affidavit of service that indicated he had mailed the motion on August 28, 2009. The circuit clerk's office file-stamped the pro se motion on September 2, 2009. On September 8, 2009, the trial court appointed counsel to represent defendant.
¶ 27 On October 22, 2009, defense counsel filed a motion to dismiss the appeal in case No. 4-09-0599, which this court granted that day. On October 23, 2009, defense counsel filed a motion for a new trial or alternatively to reduce sentence. The trial court conducted a hearing on defendant's postjudgment motion on December 18, 2009, and on May 29, 2010, entered a memorandum of opinion and order denying the postjudgment motion. The State concedes that at the December *602 18, 2009, hearing, the prosecutor agreed with the trial court's determination that defendant's pro se motion was timely. The State now seeks to disavow its waiver, with the argument that we have a lack of subject-matter jurisdiction here, and a ruling made by a circuit court in the absence of subject-matter jurisdiction is void.
¶ 28 Supreme Court Rule 604(d) provides that "[n]o appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged." Of course, it is impossible for an incarcerated defendant to file a pro se motion in the circuit clerk's office. Supreme Court Rule 12(b)(3) provides that service by mail may be proved "by certificate of the attorney, or affidavit of a person other than the attorney, who deposited the paper in the mail." Rule 12(c) provides that service by mail is complete four days after mailing. Again, it is impossible for an incarcerated defendant to deposit a paper in the United States mail system. Rule 12 is a general rule that contains no specific reference to incarcerated defendants, and it is recognized that there are problems when incarcerated defendants are required to file motions in the trial court. Hansen, 2011 IL App (2d) 081226, ¶ 15, 351 Ill.Dec. 709, 952 N.E.2d at 87. Accordingly, an incarcerated defendant's motion to withdraw a guilty plea is considered timely filed if it is placed in the prison mail system within the 30-day period, regardless of the date on which the motion is received or file-stamped. People v. Tlatenchi, 391 Ill.App.3d 705, 710, 330 Ill.Dec. 485, 909 N.E.2d 198, 204 (2009); People v. Johnson, 232 Ill.App.3d 882, 884, 174 Ill.Dec. 79, 598 N.E.2d 276, 277 (1992).
¶ 29 Tlatenchi held that the defendant's pro se motion to withdraw his guilty plea was not shown to be timely filed where the defendant's affidavit of service was not notarized. "[A]n affidavit has been consistently defined for over 100 years" as a declaration sworn to before a person who has authority to administer oaths. Tlatenchi, 391 Ill.App.3d at 714, 330 Ill.Dec. 485, 909 N.E.2d at 207-08. In Tlatenchi, however, the State raised the issue in the trial court, filing a motion to dismiss the motion to withdraw guilty plea as untimely. The trial court granted the State's motion.
¶ 30 In the present case, the State did not raise the issue in the trial court, instead conceding the motion was timely. The State now seeks to negate its waiver by citing Flowers. "The absence of such an objection * * * did not give the trial court the authority to proceed. Lack of subject[-]matter jurisdiction is not subject to waiver * * *." People v. Flowers, 208 Ill.2d 291, 303, 280 Ill.Dec. 653, 802 N.E.2d 1174, 1182 (2003). "A ruling made by a circuit court in the absence of subject[-]matter jurisdiction is void." Flowers, 208 Ill.2d at 306, 280 Ill.Dec. 653, 802 N.E.2d at 1183. Flowers, however, did not involve a Rule 12 issue whether an affidavit of service was properly notarized or certified. Flowers involved Rule 604(d) itself. The defendant in Flowers made no effort to file a motion or seek any relief under Rule 604(d) until more than 16 months had passed following imposition of sentence. Flowers, 208 Ill.2d at 305, 280 Ill.Dec. 653, 802 N.E.2d at 1183.
¶ 31 Because of the disastrous consequences that follow when orders and judgments are allowed to be collaterally attacked, orders should be characterized as void only when no other alternative is possible. J.S.A. v. M.H., 224 Ill.2d 182, 211, 309 Ill.Dec. 6, 863 N.E.2d 236, 252-53 (2007). "We reject the notion that with statutory proceedings any failure to comply with the statute is an action outside the subject-matter jurisdiction of the court. [Citation.] Only where the legislature *603 may be said to have intended a particular requirement to serve as a limitation on the authority of the court to act should such a limitation be imposed." In re Marriage of Vernon, 253 Ill.App.3d 783, 788, 192 Ill.Dec. 668, 625 N.E.2d 823, 827 (1993). The State's concession had consequences in this case. Instead of the case being quickly resolved, the matter was prepared for hearing over a period of three months, a hearing was held, the trial court considered the matter for six months, an appeal was taken, and defense counsel was surprised when the State first raised the matter in its appellee brief.
¶ 32 Did the supreme court intend that Rule 12(b)(3) incorporate a mandatory notarization requirement that would serve as a jurisdictional limitation on the authority of the court to act? Rule 12 does not mention "notarization." Was defendant admonished that his affidavit of service had to be notarized? Flowers, 208 Ill.2d at 301, 280 Ill.Dec. 653, 802 N.E.2d at 1180 (violation of due process to dismiss appeal based on failure to file motions if defendant did not know filing such motions was necessary). Rule 12, dealing with proof of service, is applied only by analogy to Rule 604(d), which requires that a motion to reconsider be filed in the trial court. "There is no statutory provision or supreme court rule specifically authorizing the filing of documents by mail in the circuit courts." Knapp v. Bulun, 392 Ill.App.3d 1018, 1025, 331 Ill.Dec. 720, 911 N.E.2d 541, 548 (2009). Rule 12 recognizes that proof of service may be made by a variety of methods. As the majority states, Rule 12(b)(3) has been liberally construed. Rule 12(b)(3) is not interpreted to require inmates to deposit papers in the United States mail system as others are required to do; deposit in the prison mail system will suffice. A postmark may establish proof of service by mail even though that is not mentioned in Rule 12. Hansen, 2011 IL App (2d) 081226, ¶ 14, 351 Ill.Dec. 709, 952 N.E.2d at 87. By reverse analogy to the four-day rule set out in Rule 12(c), it does appear that defendant's pro se motion here was placed in the prison mail system on August 28, 2009, four days before it was file-stamped by the clerk.
¶ 33 If Rule 12(b)(3) is held to incorporate a notarization requirement that serves as a limitation on the authority of the court to act rising to the level of subject-matter jurisdiction, the State did not have to raise the issue of timeliness at all. A void ruling can be attacked at any time, even years after it was made. Rule 604(d) imposes a requirement meant to be jurisdictional, that guilty pleas not be appealed without an appropriate postjudgment motion. Rule 12(a)(3) does not impose such a requirement as to the notarization of affidavits of service. This is not a subject-matter jurisdiction case. The State should be bound by its waiver. We should address this case on its merits.